JEROME SCHREIBSTEIN (SBN: 154051)
LAW OFFICE OF JEROME SCHREIBSTEIN
Embarcadero Center West
275 Battery Street, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 875-3355
Facsimile: (415) 358-9885

Attorneys for Defendants
BAYER HEALTHCARE LLC, BAYER
CORPORATION AND DAVID PANVELLE

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SC

| | |
|---|---|
| DONNIE JONES, | CASE NO. |
| Plaintiff, | **PETITION AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** |
| vs. | **(Federal Question and Diversity Jurisdiction)** |
| BAYER HEALTHCARE LLC, BAYER CORPORATION, DAVID PANVELLE, DOES 1-50, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S

COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendants Bayer HealthCare LLC (at times, "BHC") and

Bayer Corporation (at times, "Bayer") (BHC and Bayer are referred to collectively herein, at

times, as "defendants") hereby remove to this Court the state court action described below.

## STATE COURT ACTION

1.      On April 7, 2008, a "Complaint for Wrongful Termination, Breach of Contract,

Negligence and Fraud" (the "Complaint for Breach of Contract") was filed and an action was

commenced by Donnie Jones ("plaintiff") in the Superior Court of the State of California in and

for the County of Alameda, entitled *Donnie Jones, Plaintiff, v. Bayer HealthCare LLC, Bayer*

*LAW OFFICE OF JEROME SCHREIBSTEIN*
*ATTORNEYS AT LAW*
*EMBARCADERO CENTER WEST*
*275 BATTERY STREET, TWENTIETH FLOOR*
*SAN FRANCISCO, CA 94111*
*(415) 875-3355*



1  *Corporation, David Panvelle, and Does 1 through 50, inclusive, Defendants*, Case Number

2  RG08380328 (the "State Court Action").  Attached as Exhibit A is a copy of the Complaint for

3  Breach of Contract.

4       2.       The first date upon which defendants received a copy of or had notice of the

5  Complaint for Breach of Contract was April 8, 2008.  Attached as Exhibit B are copies of the

6  Summons, Notice and Acknowledgement of Receipt – Civil, and Alameda Superior Alternative

7  Dispute Resolution Information Package.  BHC and Bayer agreed to accept service *via* Notice

8  and Acknowledgment.  Exhibits A and B constitute all of the pleadings filed or served on

9  defendants to date in the State Court Action.

**FEDERAL QUESTION**

11       3.       <u>Jurisdiction</u>.  Removal of the State Court Action is appropriate in that this is a

12  civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331 and is one

13  which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C.

14  section 1441(b) in that it arises under the law "of the United States."  The statutory basis is the

15  Labor Management Relations Act (29 U.S.C. § 185) ("LMRA") as this is a suit for an alleged

16  violation of a contract between an employer and a member of a labor organization.  This

17  preemption is not merely defensive, but gives rise to a federal cause of action.  Pursuant to the

18  Civil Local Rules of the United States District Court for the Northern District of California,

19  ("Local Rules"), Local Rule 3-5(a), this identifies the statutory or other basis for federal

20  jurisdiction and facts supporting such jurisdiction.

21       4.       The LMRA preempts and displaces any state law claim that is (1) based directly

22  on rights created by a collective bargaining agreement, or (2) substantially dependent on an

23  interpretation of a collective bargaining agreement.  (29 U.S.C. §185.)  Plaintiff alleges wrongful

24  termination and breach of contract and plaintiff's claims require interpretation of a collective

25  bargaining agreement as an existing collective bargaining agreement governing plaintiff's former

26  employment with BHC contains, *inter alia*, the standards for discharge and the exclusive method

27  for resolution of disputes as to discharges.  That collective bargaining agreement, between BHC

28  and International Longshore and Warehouse Union on behalf of its Local #6 ("Union") (the

**LAW OFFICE OF JEROME SCHREIBSTEIN**
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

PETITION AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

"CBA") (referred to on the face of the Complaint for Breach of Contract, *see*, *e.g.*, ¶¶ 7, 11-13), dated 7 September 2005, and remaining in full force and effect to and including August 21, 2008, was in full force and effect at the time of plaintiff's termination of employment alleged in his Complaint for Breach of Contract to be September 5, 2007. Plaintiff's position was classified as Code 14 and he was an employee covered by the CBA in the unit defined in the Certification of Representation as issued by the National Labor Relations Board March 26, 1952, Case No. 20-RC-1561. (Declaration of Bob Russey in Support of Petition and Notice of Removal of Action under 28 U.S.C. § 1441(b)("Russey DEC"), ¶ 3, Ex. A.)

5.    Pursuant to Article I, Section 1 of the CBA, the Union is the exclusive bargaining agent for employees concerning the terms and conditions of the CBA. Article VII of the CBA covers "Discharges and Layoffs" and sets forth the terms and conditions under which a Bargaining Unit employee may be properly terminated for "just cause." (*See* Art. VII, Sections 1, 2.) Article XI, "Grievance Procedure," referred to on the face of the Complaint for Breach of Contract (*see* ¶¶ 11-12), is the means for the resolution of differences arising between the Company and the Union, or any of the employees covered by the CBA, relative to any provision of the CBA or its application. (*See* Art. XI, preamble paragraph.) The CBA further states that if the Grievance Procedure is not followed as to a particular discharge or if the grievance as to such discharge is automatically closed in accordance with such procedure, neither the Union nor the individual employee who was discharged shall have the right to challenge such discharge, or the right to any back-pay award or other relief thereunder. (*See* Art. VII, Section 1(e); Art. XI, Section 5(e).) Other than the CBA, there was no other contract governing the terms and conditions (including termination) of Mr. Jones' Bayer employment. (*See* Russey DEC, ¶ 4, Ex. A.)

6.    Similarly, plaintiff's state law claims for fraud and negligence are preempted under section 301 of the LMRA as they arise under the same nucleus of facts and require interpretation of a collective bargaining agreement. (*See*, *e.g.*, *Bale v. General Telephone Company of California*, 795 F.2d 775, 780 (9th Cir. 1986).) Plaintiff's claims constitute a grievance involving the interpretation of the application of this CBA.

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 3 -

7.     Defendant David Panvelle ("Panvelle") has not been served. (Declaration of David Panvelle in Support of Petition and Notice of Removal of Action under 28 U.S.C. § 1441(b) ("Panvelle DEC"), ¶ 5.) Panvelle is thus not required to join in or consent to this Notice of Removal as he has not been served. (*Cf. Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (removal notice defective if it fails to explain absence of co-defendants in consenting to removal).) Additionally, as set forth more fully below, Panvelle is a "sham" defendant. Joinder in the removal petition is not required by persons named as defendants solely to prevent removal. (*Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Services*, 925 F.2d 866, 871-872 (5th Cir. 1991).)

## DIVERSITY OF CITIZENSHIP

8.     <u>Jurisdiction</u>. In addition to jurisdiction under federal question, the basis for removal of the State Court Action is that a complete diversity of citizenship exits between the litigants under 28 U.S.C. section 1332 and 28 U.S.C. section 1441 (b) and the matters in controversy exceed the sum or value of $75,000. BHC is, and was at the time of the filing of the State Court Action, a Delaware corporation, incorporated in Delaware with its principal place of business in New York. Bayer is, and was at the time of the filing of the State Court Action, an Indiana Corporation, incorporated in the State of Indiana, with its principal place of business in the State of Pennsylvania. A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. (28 U.S. C. § 1332 (c).) Defendants are informed and believe that plaintiff is a resident of the State of California.

9.     <u>Sham Defendant</u>. Defendant David Panvelle is a "sham" defendant. Panvelle has not been served. (Panvelle DEC, ¶ 5.) None of plaintiff's claims are valid as against Panvelle, and he has been named only as a "sham" defendant, and therefore his residency should be disregarded with respect to diversity of citizenship.

10.     There is no possibility that plaintiff can prevail on any claims asserted against Panvelle. The causes of action are for "wrongful termination in breach of contract" (first cause of action), "wrongful termination in violation of public policy" (second cause of action),

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1  "negligence" (third cause of action), and "fraud" (fourth cause of action). California law does

2  not recognize wrongful termination-based theories against individual supervisors who are not the

3  plaintiff's employer. (*Khajavi v. Feather River Anesthesia Medical Group*, 84 Cal.App.4th 32,

4  38 (Cal.App. 2000) ("Only an employer can be liable for the tort of wrongful discharge of an

5  employee").) Panvelle is alleged to have at all times been plaintiff's supervisor. (Complaint for

6  Breach of Contract, ¶ 4.) Plaintiff alleges that his employer was Bayer. (*Id.*, ¶ 6.) Defendant

7  Panvelle was not plaintiff's employer and had no employment agreement with plaintiff. (*See*

8  Panvelle DEC, ¶ 4; Russey DEC, ¶ 5.) Because Panvelle was not plaintiff's employer, and there

9  was no employment agreement between plaintiff and Panvelle, plaintiff's claims for "wrongful

10  termination in breach of contract" and "wrongful termination in violation of public policy"

11  against Panvelle cannot succeed as a matter of law. (*See, e.g., Gaw v. Arthur Gallagher &*

12  *Company*, 2008 U.S. Dist.LEXIS 9188 (N.D.Cal. 2008).) (*See* accompanying Appendix of Case

13  without Official Citation on Petition for Removal.)

14      11.    Under similar circumstances, courts have upheld removal because the individual

15  defendants that would otherwise destroy diversity jurisdiction were found to be "sham"

16  defendants. (*See, e.g., McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)

17  ("*McCabe*") (individual defendant supervisors accused of "wrongful termination" and

18  negligence were "sham" defendants that did not destroy diversity jurisdiction); *LeJeune v. Shell*

19  *Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) (state law did not impose vicarious liability on plant

20  manager or supervisor unless they owed a personal duty toward plaintiff so supervisor is an

21  improper defendant).)

22      12.    Similarly, plaintiff cannot establish a cause of action against Panvelle for

23  negligence or fraud. Plaintiff alleges his termination was based on Panvelle's asking him, in the

24  scope of Panvelle's duties, to sign a checklist in order for Panvelle "to protect and preserve

25  [Panvelle's] own employment position." (Complaint for Breach of Contract, ¶ 9.) Plaintiff has

26  also alleged that Panvelle's acts as plaintiff's supervisor were ratified by Bayer. (*Id.*, ¶¶ 4, 22.)

27  Allegations that individual defendants induced firing plaintiff "in order to protect themselves and

28  solely in their own self-interest" fail to state causes of action for negligence or fraud against an

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1    individual defendant. (*See McCabe*, 811 F.2d at 1339 (joinder of individual defendants was

2    sham that did not destroy diversity); *Sheppard v. Freeman*, 67 Cal.App.4th 339, 347 (Cal.App.

3    1998) (no action against supervisor for conduct that induces employer to terminate employee);

4    *Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (Cal.1990) (supervisor's acts within the scope of their

5    authority are acts of employer and supervisors are not personally liable).)

6        13.    The Complaint for Breach of Contract therefore fails to state a claim for fraud or

7    negligence against defendant Panvelle and his citizenship should therefore be disregarded for

8    purposes of removal on the basis of diversity of citizenship.

9        14.    <u>Fictitious Defendants</u>.  For purposes of removal under 28 U.S.C. section 1441 *et*

10   *seq.*, the citizenship of defendants sued under fictitious names shall be disregarded.  (28 U.S.C. §

11   1441, subd. (a).)  The Does 1 to 50 inclusive named in the Complaint for Breach of Contract

12   should therefore be disregarded for purposes of removal on the basis of diversity of citizenship.

13       15.    Accordingly, there existed at the time of the filing of the State Court Action and

14   continues to exists a complete diversity of citizenship between the parties to the State Court

15   Action.

16       16.    <u>Amount in Controversy</u>.  It is apparent from the face of the Complaint for Breach

17   of Contract that the amount in controversy exceeds $75,000.  First, plaintiff asserts causes of

18   action for "wrongful termination in breach of contract" (first cause of action), "wrongful

19   termination in violation of public policy" (second cause of action), "negligence" (third cause of

20   action), and "fraud" (fourth cause of action).  In his first cause of action, plaintiff alleges he has

21   suffered "loss of income, an inability to pay many of his financial obligations and living

22   expenses, and an impediment to securing further employment elsewhere due to his wrongful

23   termination." (Complaint for Breach of Contract, ¶ 16.)  In his second, third and fourth causes of

24   action, plaintiff alleges "actual, general, special, consequential, and punitive damages" "in an

25   amount to be ascertained according to proof at trial." (*Id.*, ¶¶ 18 (prayer), 24 (prayer) and 29

26   (prayer).)  Based upon the number of claims, and the potential remedies that plaintiff seeks (none

27   of which defendants concede he is entitled to), it is apparent from the face of the Complaint for

28   Breach of Contract that the amount in controversy exceeds the jurisdictional minimum of

PETITION AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

1  $75,000 specified in 28 U.S.C. section 1332(a) for diversity cases.  (*See White v. FCI USA, Inc.*,

2  319 F.3d 672, 674-676 (5th Cir. 2003) (removal upheld in wrongful termination case where,

3  despite the fact that the complaint failed to specify damages sought, "lengthy list of

4  compensatory and punitive damages" and claim for attorneys' fees made it facially apparent that

5  amount in controversy exceeded $75,000).)

### REMOVAL IS TIMELY

7      17.    This action is being timely removed as defendants are removing within 30 days

8  from their notice of a pleading setting forth a removable claim.  (*See* 28 U.S.C. § 1446(b).)

### INTRADISTRICT ASSIGNMENT

10      18.    Pursuant to the Civil Rules, Rule 3-5(b), this identifies the basis for assignment to

11  a particular location or division of the Court pursuant to Local Rule 3-2 (c).  Pursuant to Local

12  Rule 3-2 (c), all civil actions shall be assigned to a courthouse serving the County in which the

13  action arises.  Under Local Rule 3-2 (d), actions arising in the county of Alameda, as does this

14  one, may be assigned to San Francisco or Oakland.  This matter should therefore be assigned to

15  the San Francisco or Oakland Division pursuant to Local Rules 3-1, 3-2(c), (d).

16      19.    All proper defendants in this action consent to this Petition and Notice of

17  Removal.

18      20.    A copy of this Petition and Notice of Removal is being filed with the Clerk of the

19  Superior Court of the State of California in and for the County of Alameda.

20      21.    A copy of this Petition and Notice of Removal is being served on plaintiff.

21  Dated: April 29, 2008      LAW OFFICE OF JEROME SCHREIBSTEIN

22

23

24          By: Jerome Schreibstein

25          Attorneys for Defendants
        BAYER HEALTHCARE LLC, BAYER
        CORPORATION and DAVID PANVELLE

26

27

28

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

PETITION AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

LOJS/1050538/5621259v.1

# EXHIBIT A

Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412
ashalaby@shalabylaw.net

Attorney for Plaintiff Donnie Jones

**ENDORSED
FILED
ALAMEDA COUNTY**

**APR 0 7 2008**

CLERK OF THE SUPERIOR COURT
By
Molly J. Kautz

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA
UNLIMITED JURISDICTION

| | |
|---|---|
| DONNIE JONES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC; BAYER CORPORATION; DAVID PANVELLE; Does 1 to 50 Inclusive,<br><br>　　　　　　Defendants. | Case Number<br><br>**R G 0 8 3 8 0 3 2 8**<br><br>**COMPLAINT FOR WRONGFUL TERMINATION, BREACH OF CONTRACT, NEGLIGENCE, and FRAUD** |

## GENERAL ALLEGATIONS

1.　Defendant, BAYER HEALTHCARE LLC, was a limited liability company and/or corporation at all times relevant herein. BAYER HEALTHCARE LLC is a world-wide healthcare company, advancing leading-edge technologies from innovative diagnositcs to veterinary medicines. BAYER HEALTHCARE LLC comprises of four divisions: Animal Health, Consumer Care, Diabetes Care, and Pharmaceuticals. BAYER HEALTHCARE LLC has approximately 33,800 employees worldwide.

2.　Defendant BAYER CORPORATION was a corporation organized under the laws of the States of California and Indiana at all times relevant herein.

3.　Both defendants specified above were believed to be agents and

**Initial Complaint**

-1-

**Case No.**

1 subsidiaries of one-another, or otherwise in effect one contiguous entity at all times

2 relevant herein. Hereinafter "BAYER" shall be used to refer to both BAYER

3 HEALTHCARE LLC and BAYER CORPORATION as one and the same entity and

4 employer of Plaintiff DONNIE JONES (hereinafter "Plaintiff").

5     4.    Defendant DAVID PANVELLE (hereinafter "PANVELLE") WAS

6 Plaintiffs' supervisor at BAYER at all times relevant herein.

7     5.    The true names and capacities, whether individual, corporate, associate

8 or otherwise of Defendants sued herein as DOES 1 through 50 inclusive, are unknown

9 to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff

10 will seek leave of the court to amend this complaint when the true names and

11 capacities have been ascertained.

12                    **STATEMENT OF THE FACTS**

13     6.    Plaintiff was an individual employed by BAYER approximately in the

14 year 1998. BAYER terminated Plaintiff on September 5, 2007. At the time of

15 Plaintiff's termination he was a laboratory technician and "sub supervisor."

16     7.    An employment contract existed between BAYER and Plaintiff. The

17 general terms of the contract were written. Additional contractual terms were verbal,

18 some of which were developed during the course of Plaintiff's employment. Further

19 contractual terms were implied through conduct and practices of BAYER. The

20 essential terms of the written contract were that Plaintiff would maintain his

21 employment with BAYER as long as he performed satisfactorily, and would only be

22 terminated for just cause. Such were also the terms of the verbal and / or implied

23 contract as well.

24     8.    During the approximate nine years of Plaintiff's employment with

25 BAYER the body of Plaintiff's work was very much to BAYER's satisfaction, and he

26 received excellent annual employment reviews.

27     9.    On July 11, 2007 Plaintiff was trapped and/or otherwise tricked into a

28

**Initial Complaint**                                    **Case No.**

1   purported violation of one of BAYER's procedural policies in relation to delivery of
2   a BAYER product sample by his immediate supervisor at BAYER, one DAVID
3   PANVELLE (hereinafter "PANVELLE").   At approximately 11:30 a.m. that day
4   PANVELLE asked Plaintiff to deliver certain samples of a BAYER product sample,
5   which PANVELLE gave to Plaintiff at a point of delivery which was referred to as a
6   "pass-through."  PANVELLE further handed Plaintiff a checklist for the sample and
7   had plaintiff sign the checklist in his presence.  Plaintiff then proceeded to complete
8   the delivery.  Approximately 3 hours later PANVELLE called plaintiff to a meeting.
9   A shop steward was present at the meeting along with a BAYER manager known as
10  "SAULYE."    At the meeting PANVELLE advised plaintiff that Plaintiff had
11  committed a major breach of BAYER's procedural policy for delivery of the sample
12  a few hours earlier.   Specifically PANVELLE alleged that it was strictly against
13  BAYER's sample delivery policy to sign the checklist before the delivery had been
14  completed. Plaintiffs was astounded as he had clearly been entrapped and mislead by
15  PANVELLE into signing the product checklist in PANVELLE's presence. The
16  meeting was followed by a letter dated August 2, 2007 advising Plaintiff that he
17  would be suspended for three days and would no longer be performing the job of "Sub
18  Supervisor" and was to receive a reduction in his pay.   Indeed Plaintiffs was
19  suspended, his badge was taken, and he was escorted out of the building by BAYER
20  security in a most humiliating manner.  Based on information and belief, Plaintiff
21  alleges that PANVELLE himself had been questioned about the delivery procedure
22  by his supervisors, and in order to protect and preserve his own employment position,
23  PANVELLE blamed and reprimanded Plaintiff harshly and wrongfully.
24      10.   A second incident occurred on August 11, 2007, just one week after
25  Plaintiff returned from work following his suspension, and resulting in Plaintiff's
26  termination of employment by an angry PANVELLE, clearly in retaliation for having
27  himself been reprimanded for the July 11, 2007 incident.   This second incident
28

**Initial Complaint**                                                   **Case No.**

-3-

1  entailed allegations by PANVELLE that Plaintiff allegedly committed a procedural
2  error in relation to the batching of an Insulin product. Mr. Jones had been working
3  with two other individuals on the Insulin product on August 11, 2007, both allegedly
4  equally implicated in the alleged procedural nonconformity with Plaintiffs in relation
5  to the batching of the specified Insulin product. In relation to this alleged procedural
6  breach, Plaintiff was terminated effective September 5, 2007, while the other two
7  employees implicated in the incident were not terminated. On a termination letter
8  dated September 5, 2007 PANVELLE revealed that he used the July 11, 2007 incident
9  wherein he had himself entrapped Plaintiffs as a "prior offense" used to justify
10 Plaintiff's termination, his letter stating in relevant part -

11      "This action is deemed appropriate in light of the recent workplace
        incident wherein you acknowledged failing to comply with Bayer
12      Corporation policy by submitting signed a documentation attesting to the
        performance of an activity which had not been accomplished."
13
14 PANVELLE's stated reason was false because PLAINTIFF never "acknowledged
15 failing to comply with Bayer Corporation policy," but instead vehemently denied any
16 wrongdoing and objected that PANVELLE had himself entrapped and tricked him,
17 as detailed above. PANVELLE's letter amply reveals that PANVELLE used his own
18 instance of trickery and entrapment on July 11, 2007 to ultimately terminate Plaintiff's
19 employment without just cause.
20      11.    At the time of Plaintiff's termination he was a member of a union, the
21 "INTERNATIONAL LONGSHOREMENS WAREHOUSEMENS UNION," Local
22 6. Plaintiff filed a grievance with the union. On November 14, 2007 the union
23 advised Plaintiff that it was unable to proceed with his grievance. On December 6,
24 2007 Plaintiff's counsel spoke with the union representative to ascertain whether or
25 not the union could proceed further with the grievance. The union representative
26 advised Plaintiff's counsel that it believed Plaintiff's termination was the product of
27 trickery and entrapment by PANVELLE, but that its grievance policies and
28 procedures had limitations and did not extend to entrapment matters, and/or were

Initial Complaint                                          Case No.

1  otherwise limited in scope. Several additional details of the grievance were discussed
2  and reviewed by Plaintiff's counsel, all leading to the conclusion that despite the
3  union's opinion that the termination was wrongful and the product of trickery and
4  entrapment, the union itself could process the grievance no further, hence there was
5  no ascertainable breach of the union's responsibilities.

6    12.    On March 21, 2008 Plaintiff's counsel spoke with the National Labor
7  Relations Board to ascertain that the union owed Plaintiff no further responsibility or
8  obligation to handle his grievance, and ascertained same.  The National Labor
9  Relations Board confirmed that the union had done all that it was lawfully obligated
10 to do, and that no identifiable basis for liability against the union existed. This action
11 therefore proceeds in State Court in absence of any ascertainable predominant Federal
12 Question (if any).  All possible remedies with the union as well as the National Labor
13 Relations Board  have been exhausted, and the action does not fall within the scope
14 of California Fair Housing and Employment matters.

15

16 **FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION**
   **IN BREACH OF CONTRACT**
17
18   Plaintiff incorporates by reference all of the general allegations and factual
   recitals contained above, and pleads as and for a FIRST cause of action as follows:
19
20   13.    BAYER's above-described contract mandated a good cause for
   termination of Plaintiff's employment.
21
22   14.    Plaintiff performed all duties expected of him under his employment
23 contract with BAYER, but for performances which were otherwise excused by way
24 of BAYER's policies and practices, and/or otherwise excused as a matter of law.

25   15.    BAYER and PANVELLE wrongfully terminated Plaintiff's employment
26 on September 5, 2007 in breach of contract.

27   16.    Plaintiff has suffered loss of income, an inability to pay many of his
28 financial obligations and living expenses, and an impediment to securing further

**Initial Complaint**                                                      **Case No.**

-5-

1  employment elsewhere due to his wrongful termination.

2       WHEREFORE, Plaintiff prays for a judgment for all actual, general,

3  special, and consequential damages against BAYER and PANVELLE for his

4  wrongful termination, in an amount to be ascertained according to proof at trial.

5  **SECOND CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

6

7       Plaintiff incorporates by reference all of the general allegations and factual

8  recitals contained above, and pleads as and for a SECOND cause of action as follows:

9       17.  Plaintiff's above-described termination by way of trickery and

10 entrapment violates long-established public policy, and constitutes a wrongful

11 termination in violation of public policy.

12      18.  Punitive damages are warranted because the wrongful acts of

13 PANVELLE and BAYER were fraudulent and oppressive, and exceeded all bounds

14 of decency established by contemporary standards.

15      WHEREFORE, Plaintiff prays for a judgment for all actual, general, special,

16 consequential, and punitive damages against BAYER and PANVELLE for his

17 wrongful termination, in an amount to be ascertained according to proof at trial.

18 **THIRD CAUSE OF ACTION FOR NEGLIGENCE**

19      Plaintiff incorporates by reference all of the general allegations and factual

20 recitals contained above, and pleads as and for a THIRD cause of action as follows:

21      19.  PANVELLE and BAYER were bound by California Civil Code section

22 1708, without contract, to abstain from injuring Plaintiff, or infringing upon any of his

23 rights.

24      20.  PANVELLE breached his duty owed Plaintiff by tricking and entrapping

25 Plaintiff into the alleged procedural violation incident of July 11, 2007 described

26 above.

27      21.  PANVELLE breached his duty owed Plaintiff by terminating Plaintiff

28 based on his above-described instance of trickery and entrapment.

Initial Complaint                                    Case No.

-6-

22.    BAYER breached its duty owed Plaintiff by failing to properly investigate the matter of PANVELLE's entrapment of Plaintiff and by ratifying Plaintiff's wrongful termination of employment.

23.    As a result of the above-described wrongful and negligent acts of PANVELLE and BAYER, Plaintiff lost his job with BAYER after nine years of employment, lost his status as "sub supervisor" and its corresponding rate of pay, suffered a loss of income and impediment to securing future employment, and suffered severe general damages in the form of emotional injury as would be typically experienced by the person of ordinary prudence, similarly-situated.

24.    Punitive damages are warranted because the wrongful acts of PANVELLE and BAYER were fraudulent and oppressive, and exceeded all bounds of decency established by contemporary standards.

WHEREFORE, Plaintiff prays for a judgment for all actual, general, special, consequential, and punitive damages against BAYER and PANVELLE arising from their negligence as described above, in an amount to be ascertained according to proof at trial.

## FOURTH CAUSE OF ACTION FOR FRAUD

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FOURTH cause of action as follows:

25.    PANVELLE fraudulently deceived Plaintiff into believing it was proper and appropriate for him to sign a checklist of the BAYER product sample he delivered on July 11, 2007 as specified above.

26.    Plaintiff's reliance on PANVELLE in executing the product sample checklist on July 11, 2007 was justified because PANVELLE was his immediate supervisor, and Plaintiff was merely doing what his supervisor required of him in signing the product sample checklist.

27.    According to BAYER, the procedure PANVELLE required of Plaintiff

1  in signing the BAYER product sample checklist on July 11, 2007 was strictly
2  forbidden by BAYER. As a result, PANVELLE suspended Plaintiff for three days,
3  demoted him, reduced his pay, and ultimately used the incident to justify Plaintiff's
4  termination of employment.

5      28.  BAYER ultimately learned of the trickery and entrapment of Plaintiff as
6  described above, but ratified the wrongful termination of Plaintiff based on these
7  wrongful acts, rendering it a necessary and actual party to the wrongful scheme and
8  wrongful termination accomplished by way of fraud and deception.

9      29.  Punitive damages are warranted because the wrongful acts of
10  PANVELLE and BAYER were fraudulent and oppressive, and exceeded all bounds
11  of decency established by contemporary standards.

12      WHEREFORE, Plaintiff prays for a judgment for all actual, general, special,
13  consequential, and punitive damages against BAYER and PANVELLE for his
14  wrongful termination which herein was the product of fraud and deception, in an
15  amount to be ascertained according to proof at trial.

16

17  Dated: April 5, 2008

18                              Andrew W. Shalaby, Attorney for
                                Plaintiff Donnie Jones
19

20

21

22

23

24

25

26

27

28

---

**Initial Complaint**                                    Case No.

-8-

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Andrew W. Shalaby sbn 206841
7525 LEVISTON AVE

EL CERRITO, CA 94530  TEL. 510-528-8500
TELEPHONE NO.: 510-528-8500          FAX NO. *(Optional):* 510-528-2412
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 FALLON ST.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Donnie Jones

DEFENDANT/RESPONDENT: Bayer Healthcare, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: RG08380328 |
|---|---|

TO *(insert name of party being served):* Jerome Schreibstein, attorney for defendant

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: April 9, 2008

Andrew W. Shalaby, Esq.
(TYPE OR PRINT NAME)                              ► _____
                                                 (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):* Alternative Dispute Resolution Package

*(To be completed by recipient):*

Date this form is signed:

_____          ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

CEB

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BAYER HEALTHCARE LLC; BAYER CORPORATION; DAVID
PANVELLE; Does 1 to 50 Inclusive

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 7 2008

CLERK OF THE SUPERIOR COURT
By
Molly J. Kautz

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNIE JONES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: ALAMEDA COUNTY SUPERIOR COURT<br>*(El nombre y dirección de la corte es):*<br>1225 FALLON ST., RM 109<br>OAKLAND, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* R G 0 8 3 8 0 3 2 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew W. Shalaby  sbn 206841
7525 LEVISTON AVE
EL CERRITO, CA 94530   TEL. 510-528-8500                        Molly J. Kautz

| DATE: APR 0 7 RECD<br>*(Fecha)*  Pat S. Sweeten | Clerk, by<br>*(Secretario)* _____ , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**                                    Code of Civil Procedure §§ 412.20, 465

CEB

### GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties do not have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, much quicker, and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California:

(1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.

(2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.



## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.alameda.courts.ca.gov/adr/index.html

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/consumer/mediation_programs.shtml

   You can also call the Department of Consumer Affairs, Consumer Information Center, at 1-800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://members.calbar.ca.gov/search/ba_results.aspx?txtan=&txtln=&County=&District=&ClassTypes=C

   If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators".**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://www.smogcheck.ca.gov/StdPage.asp?Body=/Geninfo/Otherinfo/Mediation.htm#What%20is%20a%20Media tor or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.



## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**

| |
|---|
| Phone: (510) 548-2377; Fax: (510) 548-4051 |
| http://www.ebcm.org/ |

EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**

| |
|---|
| Phone: (510) 768-3100; Fax: (510) 451-6998 |
| http://www.cceb.org/ |

Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also, provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**291 McLeod Street, Livermore, CA 94550**

| |
|---|
| Phone: (925) 373-1035; Fax: (925) 449-0945 |
| http://www.trivalleymediation.com/ |

Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rules of Court, rule 10.783, the presiding judge of the Superior Court of California, County of Alameda designated the Court Executive Officer to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate, or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted during regular court business hours at (510) 690-2705.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 3.815(c)(2)).

⇒  Parties mailed list of five names from which to select (list mailed within 5-10 business days after receipt of referral).

⇒  Each party may reject one of the names listed (10 calendar days per CRC 3.815(b)(3)).

⇒  The administrator randomly appoints the arbitrators from the names remaining on the list or if one name remains then that name is deemed appointed (CRC 3.815(4)).

#### Assignment of Case (CRC 3.817)

⇒  Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (CRC 3.817)

⇒  Must be scheduled to be completed not more than 90 days from the date the arbitrator was assigned. For good cause shown, a Judge may continue the case beyond this 90-day period.

#### Award of Arbitrator

⇒  The arbitrator must file an award within 10 days of the conclusion of the arbitration hearing. The arbitrator may apply to the court for an additional 20 days in cases of unusual length or complexity (CRC 3.825(b)).

⇒  Within 30 days of the filing of the award, a party may file a request for trial (CRC 3.826(a)).

⇒  The clerk must immediately enter the arbitration award as a judgment if no party has served and filed a request for trial during the 30-day period after the award is filed (CRC 3.827).

#### Return of Case to Court

⇒  Upon the filing of a request for trial, the action must proceed as provided under an applicable case management order or, if there is no pending order, promptly set for a case management conference. (CRC 3.826(b)).

⇒  When a judgment is entered, the clerk will notify all parties who have appeared in the case including the judge to whom the case is assigned if there is one (CRC 3.827(b)).

⇒  If a case is settled then each plaintiff or other party must notify the arbitrator and the court as required under California Rules of Court, rule 3.1385 (CRC 3.829).

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| ☐ **Berkeley Courthouse**<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ **Fremont Hall of Justice**<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ **Gale/Schenone Hall of Justice**<br>5672 Stoneridge Drive, Pleasanton, CA 94588 |
|---|---|---|
| ☐ **George E. McDonald Hall of Justice**<br>2233 Shoreline Drive, Alameda, CA 94501 | ☐ **Hayward Hall of Justice**<br>24405 Amador Street, Hayward, CA 94544 | ☐ **René C. Davidson Courthouse**<br>1225 Fallon Street, Oakland, CA 94612 |
| | ☐ **Wiley W. Manuel Courthouse**<br>661 Washington Street, Oakland, CA 94607 | |

Case No.: 

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered and good cause appearing, now therefore, IT

IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: 

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev. March 2008

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Donnie Jones

**DEFENDANTS**
Bayer Healthcare LLC and Bayer Corporation

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Andrew W. Shalaby
7525 Leviston Ave.
El Cerrito, CA 94530
(510) 528-8500

Attorneys (If Known)
Jerome Schreibstein
Law Office of Jerome Schreibstein
275 Battery Street, 18th Floor, San Francisco, CA 94111
(415) 875-3355

*E-filing*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA(1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Labor Management Relations Act, 29 USC § 185, Section 301.
Brief description of cause:
Suit for violation of collective bargaining contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE   4/29/08     SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com