1  JEROME SCHREIBSTEIN (SBN: 154051)
   LAW OFFICE OF JEROME SCHREIBSTEIN
2  Embarcadero Center West
   275 Battery Street, Eighteenth Floor
3  San Francisco, CA 94111
   Telephone: (415) 875-3355
4  Facsimile: (415) 358-9885

5  Attorneys for Defendants
   BAYER HEALTHCARE LLC, BAYER
6  CORPORATION; and DAVID PANVELLE

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  DONNIE JONES,                    )   CASE NO. CV 08-2219 SC
                                     )
12              Plaintiff,           )   Date:      July 11, 2008
                                     )   Time:      10:00 a.m.
13         vs.                       )   Courtroom: 1, 17th Floor
                                     )   Judge:     Hon. Samuel Conti
14  BAYER HEALTHCARE LLC, BAYER      )
    CORPORATION, DAVID PANVELLE, DOES)
15  1-50, inclusive,                 )
                                     )
16              Defendants.          )
                                     )

17

18  **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
    TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(B)(6))
19  AND TO STRIKE (F.R.C.P. 12(F)); SUPPORTING MEMORANDUM OF POINTS AND
    AUTHORITIES**

20

21

22

23

24

25

26

27

28

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................. 2

II.   STATEMENT OF FACTS ...................................................... 3

      A.   Bayer's Berkeley Facility ............................................ 3

      B.   Plaintiff Was a Union Member and His Bayer Employment Was Governed
           in All Material Respects by a Collective Bargaining Agreement .......... 4

      C.   The CBA Governs Employee Discharges and Provides The Exclusive
           Means of Resolution of Grievances as to Matters Covered by The CBA,
           Including Discharges ................................................. 5

           1.   Under the CBA, Discharges Must Be for "Just Cause" ............. 5

           2.   The Grievance Procedure is the Exclusive Means for Resolving
                Disputes as to Discharge ...................................... 6

      D.   Plaintiff Was Disciplined and Terminated for Just Cause Under the CBA ... 6

      E.   Plaintiff's Union Grieved his Termination and then Withdrew His
           Grievance Prior to Arbitration ....................................... 7

III.  STATEMENT OF ISSUES .................................................... 7

IV.   LEGAL ARGUMENT ......................................................... 8

      A.   Plaintiff's Claims Are All for Whether He Was Terminated For "Cause";
           Will Necessarily Involve Interpretation of the CBA, and Are Preempted
           by Federal Law ...................................................... 8

           1.   Plaintiff's Claim for Breach of Contract is Preempted ............ 9

           2.   Plaintiff's Claim for Wrongful Termination in Violation of Public
                Policy Is Preempted ........................................... 11

           3.   Plaintiff's Claim For Negligence Is Preempted ................. 12

           4.   Plaintiff's Claim For Fraud Is Preempted ...................... 12

      B.   A Motion to Dismiss Is Proper to Address Plaintiff's Failure to Exhaust
           Remedies ........................................................... 14

      C.   Plaintiff Failed to Exhaust His Exclusive Remedy Under The Grievance
           and Arbitration Provision of The CBA ................................ 15

      D.   Plaintiff Cannot Establish a Claim Against Individual Defendant Panvelle ... 16

           1.   There is no Claim for Breach of Contract Against a Supervisor
                Who Is not Party to a CBA ..................................... 16

           2.   Panvelle Cannot Be Liable for Wrongful Discharge in Violation of
                Public Policy ................................................. 17

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM
OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219

## TABLE OF CONTENTS
### (continued)

**Page**

3.    Plaintiff Cannot Prevail on a Negligence or Fraud Claim Against Panvelle...........................................................................................17

E.    Plaintiff's Public Policy Claim Separately Fails where there Is no Threshold Allegation of a Requisite Public Policy Violation .......................18

F.    The Complaint Should Be Dismissed Without Leave to Amend .........................18

G.    The Punitive Damages Allegations Should Be Stricken. .....................................19

V.    CONCLUSION............................................................................................................19

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219**

# TABLE OF AUTHORITIES

Page

**Cases**

Aguilera v. Pirelli Armstrong Tire Corp.
223 F.3d 1010 (9th Cir. 2000) ...................................................................................13

Allis-Chalmers Corp. v Lueck
471 U.S. 202 (1985)..............................................................................................9, 10

Argento v. Airborne Freight Corp.
933 F.Supp. 373 (S.D.N.Y.1996) ...............................................................................4

Bell Atlantic Corp. v. Twombly
127 S.Ct. 1955 (2007)......................................................................................14, 19

Bloom v. Universal City Studios, Inc.
734 F.Supp.1553 (C.D.Cal. 1990) ......................................................................13, 17

Bureerong v. Uvawas
922 F. Supp.1450 (C.D.Cal. 1996) ...........................................................................19

Carr v. Pacific Maritime Ass'n.
904 F.2d 1313 (9th Cir. 1990) ...................................................................................15

Carter v. Norfolk Comm. Hospital Ass'n.
761 F.2d 970 (4th Cir., 1985) ...................................................................................19

Cicone v. URS Corp.
183 Cal.App.3d 194 (Cal.App. 1986) ........................................................................13

Cotter v. Daimler Chrysler
87 F.Supp.2d 746 (E.D. Mich. 2000) ........................................................................15

Cramer v. Consolidated Freightways, Inc.
255 F.3d 683 (9th Cir. 2001) .....................................................................................9

DeSoto v. Yellow Freight Sys.
820 F.2d 1434 (9th Cir. 1987) ..................................................................................11

Eminence Capital, LLC v. Aspeon, Inc.
316 F.3d 1048 (9th Cir. 2003) ..................................................................................19

Faust v. RCA
657 F.Supp. 614 (D.Pa. 1986) ..................................................................................15

Foley v. Interactive Data Corp.
47 Cal.3d 654 (Cal. 1988).........................................................................................10

Franchise Tax Board v. Construction Laborers Vacation Trust
463 U.S. 1 (1983).......................................................................................................8

Gantt v. Sentry Ins.
1 Cal.4th 1083 (Cal. 1992) ........................................................................................18

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- iii -

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Garley v. Sandia Corp*
    236 F.3d 1200 (10th Cir. 2001) ................................................................4

*Green v. Ralee Eng. Co.*
    19 Cal.4th 66 (1998) ................................................................18

*Gruenberg v Aetna Ins. Co.*
    9 Cal. 3d 566 (Cal. 1973) ................................................................17

*Guz v. Bechtel National, Inc.*
    24 Cal.4th 317 (Cal. 2000) ................................................................10

*Hayne v. San Diego Transit Corp.*
    764 F.2d 663 (9th Cir. 1985) ................................................................11

*Hines v. Anchor Motor Freight, Inc.*
    424 U.S. 554 (1976) ................................................................16

*Kettner v. Albertsons, Inc.*
    839 F.Supp.1432 (D.Ore.1993) ................................................4, 12, 13

*Khajavi v. Feather River Anesthesia Medical Group*
    84 Cal.App.4th 32 (Cal.App. 2000) ................................................................17

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
    507 U.S. 163 (1993) ................................................................14

*LeJeune v. Shell Oil Co.*
    950 F.2d 267 (5th Cir. 1992) ................................................................18

*Lingle v. Norge Div. of Magic Chef*
    486 U.S. 399 (1988) ................................................................8, 13

*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.*
    369 U.S. 95 (1962) ................................................................8

*McCabe v. General Foods Corp.*
    811 F.2d 1336 (9th Cir. 1987) ................................................................18

*Munar v. National Homecare Systems*
    1991 U.S.Dist.LEXIS 14987 (N.D. Cal. 1991) ................................................................12

*Olguin v. Inspiration Consol. Copper. Co.*
    740 F.2d 1468 (9th Cir.1984) ................................................10, 11, 15

*Pareto v. FDIC*
    139 F.3d 696 (9th Cir. 1998) ................................................14, 16

*Reid v. Moskovitz*
    208 Cal.App.3d 29 (Cal.App.1989) ................................................................19

*Reno v. Baird*
    18 Cal.4th 640 (Cal. 1998) ................................................................17

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219**

**TABLE OF AUTHORITIES**
**(continued)**

*Republic Steel Corp. v. Maddox*
   379 U.S. 650 (1965)..................................................................15

*Ritza v. International Longshoremen's and Warehousemen's Union*
   837 F.2d 365 (9th Cir. 1988) ..............................................14, 15

*Schlacter-Jones v. General Tel.*
   936 F.2d 435 (9th Cir. 1991)...........................................13, 18

*Sheppard v. Freeman*
   67 Cal.App.4th 339 (Cal.App. 1998) ......................................18

*Shoemaker v. Myers*
   52 Cal.3d 1 (Cal. 1990)............................................................18

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ...................................................14

*Stallcop v. Kaiser Found. Hosps.*
   820 F.2d 1044 (9th Cir. 1987) .............................................9, 11

*Steelworkers v. Warrior & Gulf Navigation Co.*
   363 U.S. 574 (1960)..................................................................16

*Studio Elec. Technicians Local 728 v. International Photographers of the
   Motion Picture Indus., Local 659*
   598 F.2d 551 (9th Cir. 1979) ...................................................14

*Tapley v. Lockwood Green Engineers, Inc.*
   502 F.2d 559 (8th Cir. 1974) ...................................................19

*Textile Workers Union v. Lincoln Mills*
   353 U.S. 448 (1957)....................................................................8

*Truex v. Garrett Freightlines, Inc.*
   784 F.2d 1347 (9th Cir. 1985) .................................................15

*Vaca v. Sipes*
   386 U.S. 171 (1967)...........................................................15, 16

*Young v. Anthony's Fish Grottos, Inc.*
   830 F.2d 993 (9th Cir. 1987) ............................................10, 11

**Statutes**

29 U.S.C. § 185.............................................................................8

29 U.S.C. § 185(a).........................................................................8

Civ. Code § 1709.........................................................................13

Civ. Code § 1710.........................................................................13

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM
OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219**

# TABLE OF AUTHORITIES
## (continued)

Page

Fed. Rule Civ. Proc. 12(f)................................................................................................19

Fed. Rule Civ. Proc. 15...................................................................................................19

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM
OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219

1

## NOTICE OF MOTION AND MOTION

2  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that, on July 11, 2008 at 10:00 a.m., or as soon thereafter as

4  the matter may be heard in the above-referenced court, located at 450 Golden Gate Avenue, San

5  Francisco, California, defendants Bayer HealthCare LLC, Bayer Corporation and David Panvelle

6  (collectively, at times, "defendants") will move this Court to dismiss, without leave to amend,

7  this action in its entirety and, alternatively, to strike certain allegations from plaintiff's

8  Complaint for Wrongful Termination, Breach of Contract, Negligence; and Fraud (herein, the

9  "Complaint").

10        This Motion to Dismiss is made pursuant to the Federal Rules of Civil Procedure, Rule

11  12(b)(6), Local Civil Rules of the United States District Court for the Northern District of

12  California, Local Rule 7-2, and the Labor/Management Relations Act, 29 U.S.C. § 185, on the

13  basis that the Complaint fails to state a claim upon which relief can be granted.  Defendants

14  request that this Court dismiss plaintiff's Complaint without leave to amend.

15        This Motion to Strike is made pursuant to the Federal Rules of Civil Procedure, Rule

16  12(f), on the basis that the Complaint seeks damages which are not recoverable by law.

17  Defendants request that the Court strike the punitive damage allegations from the third claim for

18  relief (negligence).

19        Both the Motion to Dismiss and the Motion to Strike are based upon this Notice of

20  Motion and Motion, the supporting Memorandum of Points and Authorities embraced herein, the

21  supporting Declaration of Bob Russey, served and filed herewith, the Court's complete files and

22  records in this action, and such further argument and evidence as may hereinafter be timely

23  presented.

24

25

26

27

28

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM
OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

## I. INTRODUCTION

Defendant Bayer HealthCare LLC (at times, "Bayer")[1] operates a pharmaceutical manufacturing, research and development facility in Berkeley, California.  At all relevant times, Bayer has been signatory to a Collective Bargaining Agreement (the "CBA") with the International Longshore & Warehouse Union ("ILWU"), Local #6, ("Union").  At all times during his Bayer employment, plaintiff Donnie Jones was a Union member and thus covered within the scope of the CBA.  The CBA contains a binding grievance and arbitration procedure which is the exclusive remedy for addressing grievances as to discharges of employment.

In July 2007, plaintiff certified the completion of a production step (delivery of a lab sample) before the step had actually occurred and was written up for violation of Bayer policy.  On account of this incident, plaintiff was also suspended for three days without pay and relieved of his "sub-supervisor" job responsibilities which resulted in a corresponding pay reduction.  In addition, he was warned in writing that similar future conduct would result in further discipline up to termination.  In August 2007, plaintiff again improperly documented that he had performed a step in the production process, certifying the batching of a specified amount of insulin when only half the amount had been batched.  This incident, together with the prior discipline, was deemed just cause by Bayer for termination and plaintiff was terminated in September 2007.

The Union initiated a grievance under the CBA regarding plaintiff's termination.  In December 2007, rather than exhausting the grievance procedure to its culminating step of final and binding arbitration, the Union withdrew its request for arbitration.  The Union closed the matter of the grievance it had submitted on plaintiff's behalf.

Plaintiff has sued for breach of contract, wrongful discharge in violation of public policy, negligence, and fraud.  Plaintiff's claims against Bayer for wrongfully disciplining and terminating him are for breach of a collective bargaining agreement and are preempted by

---

[1] Bayer HealthCare LLC is a wholly owned subsidiary of defendant Bayer Corporation.  (*See* accompanying Declaration of Bob Russey, ¶ 1.)  Bayer HealthCare LLC was plaintiff's employer at the time of his termination. (*Id.*, ¶ 3.)

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1  section 301 of the Labor Management Relations Act. As a prerequisite to bringing a claim for

2  breach of a collective bargaining agreement against an employer, an employee must have

3  exhausted his contractual remedies (here) of the CBA grievance and arbitration procedure, or

4  otherwise have shown a breach of duty of fair representation on the part of the Union. Plaintiff

5  has done neither, and his action must be dismissed without leave to amend. Separate and apart

6  from the preemption issues, plaintiff cannot prevail on any individual claim against defendant

7  Panvelle who is legally immune from claims deriving from plaintiff's employment termination.

8  Finally, plaintiff's second claim for relief for wrongful termination in violation of public policy

9  is separately barred where there is no allegation of a requisite public policy breach.

10      In addition to plaintiff's *prima facie* failure to state a cognizable claim for relief, the

11  Complaint seeks punitive damages for negligence, which damages are not recoverable by law for

12  such a claim. Thus, these allegations must be stricken.

13                    **II.  STATEMENT OF FACTS**

14  **A.    Bayer's Berkeley Facility**

15      Bayer's Berkeley facility is principally involved in the production of finished

16  pharmaceutical products. As a producer of pharmaceuticals for human use, Bayer must follow

17  rigorous internal Standard Operating Procedures ("SOPs") that are consonant with Good

18  Manufacturing Practices ("GMP" or "cGMP") which are, in turn, mandated by applicable

19  provisions of the United States Code of Federal Regulations and parallel regulations of

20  comparable European regulatory agencies and of other regions of the World. Bayer's practices

21  and processes in this regard are subject to scrutiny and review by the United States Food and

22  Drug Administration ("FDA"), and like agencies in other nations. Prominent among these

23  requirements are the strictures that mandate vigilant self-policing on accurate documentation.

24  (*See* accompanying Declaration of Bob Russey ("Russey DEC"), ¶ 4.)

25      Bayer's Data Recording Rules detail Company procedures relating to controlling data

26  integrity (*e.g.*, concurrent verification, writing legibly, signing/initialing and dating work,

27  verifying data or steps taken, and identifying and reporting potential data integrity issues),

28  compliance with which, in turn, ensures adherence to cGMP. It is a violation of Bayer SOP to

- 3 -

1  sign documentation indicating a step in the production process has occurred when it has not yet

2  occurred or to certify the conduct of an activity that has not occurred at all. (*Id.*, ¶ 5.)

**B.**  **Plaintiff Was a Union Member and His Bayer Employment Was Governed in All Material Respects by a Collective Bargaining Agreement**

5  Plaintiff alleges that at all times during his Bayer employment, he was a member of the

6  Bargaining Unit represented by the ILWU, Local # 6 and a member of the Union. (Complaint,

7  ¶ 11; *see, also*, Declaration of Bob Russey in Support of Petition and Notice of Removal of

8  Action under 28 U.S.C. § 1441 (b) (Federal Question and Diversity Jurisdiction) (the "Russey

9  Removal DEC"), ¶ 3).  The terms and conditions of the Bayer Bargaining Unit employees'

10  employment were governed by a Collective Bargaining Agreement between the Union and

11  Bayer, that was effective September 7, 2005 to August 21, 2008, Art. 1, § 1.  (Russey Removal

12  DEC, ¶ 3, Ex. A.)[2]  Plaintiff's position was as a Code 14 employee covered by the CBA.[3]

13  The CBA reserves "to the Company any and all rights with respect to decision-making

14  which is attendant with ownership and the management of the business not otherwise clearly

15  limited by expressed terms contained in this Agreement and intended by the parties for that exact

16  purpose.  The work to be performed by each employee and his qualifications and ability to

17  perform that work shall be determined by the Company with application to all provisions of this

18  Agreement.  Complaints that the Company has exercised this responsibility unfairly may be

19  taken up thought he grievance and arbitration process."  (CBA, Art. I, §§ 10-11; Russey

20  [2] The Court may consider material outside of the pleadings on a Rule 12(b)(6) motion where the
21  authenticity of the documents is not contested and upon which the plaintiff's complaint
necessarily relies.  This is routinely the case where a plaintiff attempts to plead around a CBA.
22  (*See, e.g., Garley v. Sandia Corp*, 236 F.3d 1200 (10th Cir. 2001) (plaintiff amended his
complaint alleging state contract and tort claims, excising any mention of CBA in attempt to
23  show his complaint was not based on the CBA and therefore preempted; court affirmed grant of
motion to dismiss that relied on CBA to hold claims were preempted); *Kettner v. Albertsons,*
24  *Inc.*, 839 F.Supp.1432, 1433 n.1 (D.Ore.1993) (court looked to the CBA outside the pleadings on
motion to dismiss complaint without converting that motion to one for summary judgment);
25  *Argento v. Airborne Freight Corp.*, 933 F.Supp. 373, 376 n.2 (S.D.N.Y.1996) (appropriate to
consider the collective bargaining agreement in ruling on a Rule 12(b)(6) motion to dismiss
26  raising issues of LMRA preemption).)  Plaintiff's Complaint refers to the written terms of his
employment contract (Complaint, ¶ 7), his membership in the Union, that the Union represented
27  him, and that the Union grieved his termination, (*id.*, ¶ 11), but omits reference to or attachment
of the CBA.

28  [3] Other than the CBA, there was no contract governing the terms and conditions (including
termination) of plaintiff's employment.  (Russey Removal DEC, ¶ 4.)

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

Removal DEC, Ex. A.)  The CBA's Reservation of Rights clause reserves to Bayer decision-making attendant to management of the business not otherwise limited by the CBA.  Pursuant to this clause, Bayer reserves the right to determine the manner in which work is performed, articulated in Bayer's vigilantly enforced SOPs and Data Recording Rules, which are of critical importance to Bayer's production of pharmaceutical goods for human consumption.  Most particularly here, it is a violation of Bayer SOP to sign documentation indicating a step in the production has occurred when it has not yet occurred (or not occurred at all), which violations formed the bases for plaintiff's termination.  (*See* Russey DEC, ¶¶ 4-7.)

**C.**   **The CBA Governs Employee Discharges and Provides The Exclusive Means of Resolution of Grievances as to Matters Covered by The CBA, Including Discharges**

**1.**   **Under the CBA, Discharges Must Be for "Just Cause"**

Article VII of the CBA covers "Discharges and Layoffs" and sets forth the terms and conditions under which a Bayer Bargaining Unit employee may be properly terminated, which is for "just cause," and provides a remedy for reinstatement without loss of pay or benefits if termination is determined to have been improper.  (Russey Removal DEC, ¶ 3, Ex. A; Art. VII, §§1-2 ("No employee with seniority shall be discharged except for just cause").)  The CBA states: "In the event an employee with seniority is discharged without just cause, he shall be reinstated without loss of pay, seniority, or other benefit, subject to" certain limitations such as on the total back-pay award allowable.  (*Id.*; Art. VII, § 1.)

For discharges for low standard of work, the CBA provides to employees a warning and opportunity to correct performance:

> "The Company agrees that no employee with seniority shall be demoted or discharged for general inefficiency or low standard of work unless he has been warned of his shortcomings in advance of such demotion/discharge to afford him a reasonable opportunity to correct his performance to a level that meets written expectations.  This limitation shall not prevent the Company from exercising it's (*sic*) right to discipline any employee for just cause, up to and including termination.

> "The Company will review the issue of the discharge with the Union in advance of the discharge meeting.  The discharge letter will state the specific reason for the termination.  The employee, Chief Steward and Business Agent will be provided with a copy of the discharge letter.  The employee's previous record of

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 5 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1    disciplinary action, if applicable, will be included with the letter. (*Id.*[4])

2    **2.    The Grievance Procedure is the Exclusive Means for Resolving Disputes as to**

3    **Discharge**

4    The CBA, Article XI, "Grievance Procedure," is the means for the resolution of

5    differences arising between the Company and the Union, or any of the employees covered by the

6    CBA, relative to any provision of the CBA or its application. (Russey Removal DEC, Ex. A;

7    CBA, Art. XI, preamble paragraph.) The grievance procedure provides for a four step

8    procedure: oral and written grievances, pre-arbitration and culminates in arbitration. It gives the

9    Union the power to withdraw any grievance. (*Id.*, Art. XI, § 3(e).)

10    The CBA grievance procedure is mandatory: "If the Grievance Procedure is not followed

11    as to a particular discharge or if the grievance as to such discharge is automatically closed in

12    accordance with such procedure, neither the Union nor the individual employee who was

13    discharged shall have the right to challenge such discharge, or the right to any back-pay award or

14    other relief thereunder." (CBA, Art. VII, Section 1(e); Art. XI, Section 5(e); Russey Removal

15    DEC, Ex. A.)

16    **D.    Plaintiff Was Disciplined and Terminated for Just Cause Under the CBA**

17    In 1998, plaintiff began employment with Bayer, and in September 2007 was a Certified

18    Senior Production Technician. (Russey DEC, ¶ 7; Complaint, ¶ 6.)

19    On July 11, 2007, Bayer disciplined plaintiff for a violation of an SOP when he signed a

20    checklist certifying that a sample had been delivered, prior to the completion of the delivery of

21    the sample. (Complaint, ¶¶ 2, 6, 9.[5]) Plaintiff alleges he believes that his supervisor, David

22    Panvelle, was reprimanded for this incident and "in order to protect and preserve his own

23    employment position, Panvelle blamed and reprimanded plaintiff harshly and wrongfully."

24    (Complaint, ¶¶ 9, 10.) Bayer notified plaintiff that his conduct was in violation of SOP; that this

25    _____

26    [4] The CBA also provides: Article XI, Section 5 (Miscellaneous Grievance Procedure Rules)

27    (e)    Any grievance not appealed by the Union to the next step of the procedure within the
prescribed time limits shall be deemed settled on the basis of the Company's last disposition.
(Russey Removal DEC, Ex. A.)

28    [5] It is a violation of Bayer SOP to certify a production step has been completed prior to the
completion of the step. (Russey DEC, ¶ 5.)

- 6 -

1    activity constituted unacceptable work performance and warned that any similar incidents would

2    result in further discipline *up to and including termination*.  Plaintiff was suspended for three

3    days without pay and he was thereafter removed from the Sub-supervisor duties of his job,

4    resulting in a corresponding reduction in pay.  (Complaint, ¶ 10; Russey DEC, ¶ 6, Ex. A.)

5        Shortly following his return from disciplinary suspension, on August 11, 2007, plaintiff

6    worked on the batching of insulin.  Plaintiff signed controlled documentation indicating

7    production on a certain volume of insulin, but batched only half of the amount certified.

8    (Complaint, ¶ 10; Russey DEC, ¶ 7.)  Plaintiff was terminated on September 5, 2007 for this

9    further violation of SOP.  (Complaint, ¶ 10; Russey DEC, ¶ 7, Ex. B.)  Bayer believed that it had

10   "just cause" for the termination.  (Russey DEC, ¶ 7.)

11   **E.**    **Plaintiff's Union Grieved his Termination and then Withdrew His Grievance Prior**
             **to Arbitration**
12

13       Plaintiff alleged that he "filed a grievance with the Union."  (Complaint, ¶ 11.)  On

14   December 6, 2007, the Union, by Donald Mahon, its Business Agent, notified Bayer by fax and

15   mail that the Union was withdrawing its request for arbitration, and "considered the matter

16   closed." (Russey DEC, ¶ 8, Ex. C.)  Plaintiff alleges that after his termination, the Union told

17   plaintiff's counsel that its grievance procedures had limitations and did not extend to plaintiff's

18   concerns, causing plaintiff's counsel to conclude there was no breach of the Union's

19   responsibilities, which plaintiff's counsel ostensibly confirmed with the National Labor

20   Relations Board.  (Complaint, ¶¶ 11, 12.)

21                        **III. STATEMENT OF ISSUES**

22       (1)    Can plaintiff state a claim for relief against defendants outside of the LMRA

23   where all of his claims relate to the interpretation of key provisions of the CBA?

24       (2)    Can plaintiff state any claim for relief against individual defendant Panvelle who

25   was not a party to any employment contract with plaintiff and did not terminate his employment?

26       (3)    Can plaintiff separately sustain his public policy violation claim where he has not

27   alleged and cannot delineate a specific public policy violation?

28       (4)    Can plaintiff state a claim for the recovery of punitive damage under a simple

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 7 -

1    negligence theory?

2                              IV.  **LEGAL ARGUMENT**

3    **A.    Plaintiff's Claims Are All for Whether He Was Terminated For "Cause"; Will**
4         **Necessarily Involve Interpretation of the CBA, and Are Preempted by Federal Law**

5         The Labor Management Relations Act (LMRA) 29 U.S.C. § 185, section 301 (a) states:

6              Suits for violation of contracts between an employee and labor
7              organization may be brought in any district court having
               jurisdiction of the parties without regard to the amount in
8              controversy or without regard to the citizenship of the parties. (29
               U.S.C. § 185(a).)

9         The statute authorizes federal courts to fashion a body of federal common law for

10   enforcement of collective bargaining agreements. (*Textile Workers Union v. Lincoln Mills*, 353

11   U.S. 448, 455-56 (1957).)  The body of federal common law authorized under LMRA, 29 U.S.C.

12   § 185, section 301, for enforcement of CBAs completely preempts state law claims based on a

13   collective bargaining agreement.  "Any such suit is purely a creature of federal law,

14   notwithstanding the fact that state law would provide a cause of action in the absence of § 301,"

15   and displaces entirely any state cause of action for violating contracts between an employer and a

16   labor organization. (*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1,

17   23 (1983).)

18        State law is completely preempted for two reasons.  First, preemption ensures uniform

19   interpretation of collective bargaining agreements.  Different interpretations of contract terms by

20   state and federal courts would "inevitably exert a disruptive influence upon both the negotiation

21   and administration of collective bargaining agreements . . . [and] would tend to stimulate and

22   prolong disputes as to [their] interpretation." (*Local 174, Teamsters, Chauffeurs, Warehousemen*

23   *& Helpers of America v. Lucas Flour Co.*, 369 U.S. 95, 103-104 (1962).)  Second, because most

24   collective bargaining agreements call for arbitration of grievances, preemption assures the

25   arbitration provisions will be given the same effect in federal and state courts, and that labor law

26   grievances "remain firmly in the arbitral realm." (*Lingle v. Norge Div. of Magic Chef*, 486 U.S.

27   399, 411 (1988).)

28        The test for determining the scope of LMRA preemption is whether resolution of the state

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 8 -

law claim implicates nonnegotiable state rights and state law is preempted by 29 U.S.C. § 185

§ 301 where the claim requires the interpretation of a collective bargaining agreement. (*Allis-Chalmers Corp. v Lueck*, 471 U.S. 202, 213 (1985) ("*Allis-Chalmers*") (state law claim must be "inextricably intertwined with consideration of the terms of the labor contract").)  A review of the plaintiff's claims is required to determine if preemption is appropriate.  "The need to interpret the CBA must inhere in the nature of the plaintiff's claim." (*Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).)  Preemption is determined by the substance of the claim, not its characterization in the complaint, and whether such claims require interpretation of the CBA. (*Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1049 (9th Cir. 1987).)

### 1.    Plaintiff's Claim for Breach of Contract is Preempted

Plaintiff's first claim for relief is styled "Wrongful Termination in Breach of Contract." Plaintiff alleges that his employment agreement with Bayer required that he be terminated only for just cause. (Complaint, ¶¶ 7, 13.)  In his first claim for relief, plaintiff alleges that his termination was wrongful and in breach of contract.[6]  More particularly, plaintiff specifically complains that the July 11, 2007 incident leading to his suspension was used as a "prior offense," but denies that he admitted wrongdoing as to the July 11, 2007 incident. (Complaint, ¶ 10.) Plaintiff also alleges that two other employees implicated in the August 2007 incident that led directly to plaintiff's termination received lesser discipline than did he. (*Id.*)

On its face, the CBA states that terminations may only be for "just cause," and in the event an employee is discharged without just cause, he shall be reinstated without loss of pay, seniority, or other benefit, subject to limitations. (CBA, Art. VII; Russey Removal DEC, Ex. A.) The CBA also requires a warning and opportunity to correct performance before discharges for low standards of work. (*Id.*)

Plaintiff's Complaint frontally raises the issue of whether his discipline and termination by Bayer were with "just cause," and whether his suspension for low standards of work that was a predicate for termination constituted adequate notice and an opportunity to improve.  It is

---

[6] All of plaintiff's theories of liability appear to be alleged against all defendants.

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219**

1   beyond question that these issues will require interpretation of the CBA. Plaintiff's claims are

2   "inextricably intertwined" with the CBA. (*Allis-Chalmers*, *supra*, 471 U.S. at 213.)

3       Just cause for discipline and termination for violation of work procedures do not

4   implicate the sort of "nonnegotiable state law rights" that preclude preemption under section 301.

5   (*Allis Chalmers*, *supra*, 471 U.S. at 216-217.)  Rather, under California law, the limitation on

6   employment at will is fundamentally contractual so that parties may define for themselves in an

7   employment agreement as to what constitutes "good cause" for terminating employment. (*Guz*

8   *v. Bechtel National, Inc.*, 24 Cal.4th 317, 335 (Cal. 2000); *Foley v. Interactive Data Corp.*, 47

9   Cal.3d 654, 677, 696 (Cal. 1988).)  The Union negotiated "just cause" for termination for

10  plaintiff, and plaintiff raises no cognizable public policy issue, *infra*, Section IV, E.

11      Where resolution of a state law claim is substantially dependent upon analysis of the

12  terms of a CBA, that claim must either be treated as a section 301 claim or dismissed as

13  preempted by federal labor-contract law. (*Allis Chalmers*, *supra*, 471 U.S. at 220.)  Where an

14  employee attempts to escape application of section 301 by alleging only state law violations --

15  when in fact the claims implicate the CBA -- the employee will be subject to the artful pleading

16  doctrine, which "requires that the state law complaint be recharacterized as one arising under the

17  collective bargaining agreement." (*Olguin v. Inspiration Consol. Copper. Co.*, 740 F.2d 1468,

18  1472 (9th Cir.1984) ("*Olquin*").)  The case is then to be adjudicated under the appropriate federal

19  law. (*Id.*)

20      On point here is the decision in *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th

21  Cir. 1987) ("*Young*").  There, the plaintiff alleged breach of an oral contract in relation to her job

22  reinstatement but her "complaint [did] not reveal that her employment is governed by a

23  collective bargaining agreement. The district court, however, properly looked beyond the face of

24  the complaint to determine whether the contract claim was in fact a section 301 claim for breach

25  of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction." (*Id.* at 997)

26  In affirming the grant of summary judgment, the Ninth Circuit recognized that "[t]he preemptive

27  force of section 301 is so powerful as to displace entirely any state claim based on a collective

28  bargaining agreement ... and any state claim whose outcome depends on analysis of the terms of

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 10 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

the agreement." (*Id.* (internal citations omitted).)  In rejecting plaintiff's argument that "her individual labor contract is independent of the CBA and that her contract claim is thus not a claim for breach of the CBA," the court held:

> The subject matter of her contract, however, is a job position covered by the CBA. Because any 'independent agreement of employment [concerning that job position] could be effective only as part of the collective bargaining agreement,' the CBA controls and the contract claim is preempted.  (*Id.*, *quoting*, *Olguin*, 740 F.2d at 1474).)

The same holds here.  No matter how styled or pled, plaintiff is alleging he was terminated without just cause and this determination is entirely a creature of the CBA.  Plaintiff's claim must thus be recharacterized as one arising under the CBA and is, accordingly, *prima facie* preempted.

### 2.    **Plaintiff's Claim for Wrongful Termination in Violation of Public Policy Is Preempted**

Plaintiff's second claim for "wrongful termination in violation of public policy" is simply a claim for breach of contract.  Plaintiff has alleged no public policy reflecting any greater protection of job security than stated under the CBA.  It is a claim inextricably intertwined with the CBA.

A claim bound up with interpretation of the CBA is preempted if it is not based on any genuine state public policy or if it furthers no state policy independent of the employment relationship.  (*DeSoto v. Yellow Freight Sys.*, 820 F.2d 1434, 1437-1438 (9th Cir. 1987); *Young*, *supra*, 830 F.2d at 1001-02 (wrongful discharge claim preempted).)  Plaintiff's claim is bound with the CBA as it is truly a claim rooted in contract.  Additionally, because no state public policy transcending the employment relationship has been identified to protect him, plaintiff's second claim for relief is preempted.  (*See Stallcop v. Kaiser Foundation Hospitals*, *supra*, 820 F.2d 1044 (attempt to allege tort of wrongful discharge not properly pled in complaint and preempted by federal law and just cause provision in CBA); *Hayne v. San Diego Transit Corp.*, 764 F.2d 663, 660-69 (9th Cir. 1985) (federal preemption jeopardizes no independent state right).)

- 11 -

3.    **Plaintiff's Claim For Negligence Is Preempted**

For his third claim for relief, plaintiff alleges that Panvelle's "trickery and entrapment" in the July 11, 2007 incident and Bayer's not "discovering the true facts" of that incident constitute negligence. (Complaint, ¶¶ 21-22.)  Plaintiff claims that Bayer breached a duty owed to him by failing to properly investigate Panvelle's "entrapment" of plaintiff and by ratifying Panvelle's wrongful termination of employment. (*Id.*, ¶ 22).  Other than this allegation, plaintiff's allegations for "negligence" are identical to his claims for breach of contract and wrongful termination.  His allegation essentially is that Panvelle breached a duty owed by "tricking and entrapping him into the alleged procedural violation incident of July 11, 2007" and that Bayer terminated plaintiff on that basis. (*Id.*, ¶¶ 20-21.)

Plaintiff's negligence claim is governed by the CBA and preempted by section 301 of the LMRA.  The CBA states that employee complaints that the Company has "unfairly exercised its responsibility to determine an employee's ability to perform work" are to be taken up through the grievance and arbitration process. (CBA, Art. I, § 11; Russey Removal DEC, Ex. A.)  The portion of plaintiff's negligence claim alleging anything beyond his other claims, *i.e.*, that Bayer failed to properly investigate the true facts in the incident giving rise to his termination, is therefore expressly covered by the CBA.  It is expressly included in the grievance process. (*See Munar v. National Homecare Systems*, 1991 U.S.Dist.LEXIS 14987, ** 7-16 (N.D. Cal. 1991) (plaintiff's claim that employer failed to make a fair and reasonable investigation of the incident against plaintiff that resulted in her termination of employment was governed by grievance procedure, unjustifiable discharges are subject to the grievance procedure of the CBA, the purpose of which was to provide the opportunity for discussion of complaint and establish a procedure for processing of grievances); *Kettner v. Albertsons, Inc.*, 839 F.Supp. 1432, 1435-36 (D.Ore. 1993) (employee claim that his termination was due to supervisor's negligent misrepresentation that he could take parental leave when he could not was preempted by section 301).)

4.    **Plaintiff's Claim For Fraud Is Preempted**

Plaintiff alleges that Panvelle fraudulently deceived him into believing it was proper and

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 12 -

1   appropriate for him to sign a checklist of Bayer product sample delivery prior to plaintiff

2   delivering the sample. (Complaint, ¶ 25)  Plaintiff alleges that Panvelle asked him to deliver

3   samples, handed plaintiff a checklist for the sample and "had plaintiff sign the checklist in his

4   presence." (*Id.*)

5       Whether the fraud claim is preempted depends, again, on whether resolution of the claim

6   would require an interpretation of the terms of the CBA. (*Lingle v. Norge Dir. of Magic Chef,*

7   *supra,* 486 U.S. at 407-411.)  In order to establish intentional fraud under California law,

8   plaintiff must prove a false representation or concealment of fact, knowledge of falsity, intent to

9   defraud, inducement or reliance, justifiable reliance, and damages. (*See* Cal. Civ. Code §§ 1709,

10  1710; *Cicone v. URS Corp.*, 183 Cal.App.3d 194, 203 (Cal.App. 1986).)

11      The crux of plaintiff's fraud claim is that Panvelle represented to plaintiff by handing him

12  a checklist that he could sign the checklist stating that he had delivered a sample, without

13  plaintiff having actually in fact delivered of the sample.  Plaintiff alleges Panvelle was himself

14  reprimanded for this incident and that Bayer ratified breach of Panvelle's promise by terminating

15  plaintiff.

16      This claim requires an interpretation of the terms of the CBA because plaintiff would be

17  required to show that Panvelle's actions and plaintiff's ostensible reliance on same did not

18  amount to "just cause" for termination under the CBA. (*See, e.g., Aguilera v. Pirelli Armstrong*

19  *Tire Corp.*, 223 F.3d 1010 (9th Cir. 2000) (fraud and breach of contract claims required

20  interpretation of CBA and preempted by section 301); *Bloom v. Universal City Studios, Inc.*, 734

21  F.Supp.1553 (C.D.Cal. 1990) (dismissed complaint for claims for misrepresentation and deceit

22  and breach of contract preempted by section 301 where plaintiff alleged a Production Notice

23  contained promise regarding employment inconsistent with the collective bargaining agreement);

24  *Schlacter-Jones v. General Tel.*, 936 F.2d 435 (9th Cir. 1991) (gravamen of claims for breach of

25  contract and fraud based on employer failure to fulfill promise to keep drug test information

26  confidential was that plaintiff was discharged without good cause and therefore covered by the

27  CBA and preempted by section 301); *Kettner v. Albertson's, Inc., supra,* 839 F.Supp. at 1435-36

28  (employee claim that termination due to supervisor's misrepresentation that he could take

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 13 -

1    parental leave preempted).)

2    **B.    A Motion to Dismiss Is Proper to Address Plaintiff's Failure to Exhaust Remedies**

3         The standard for granting a motion to dismiss under Federal Rule of Civil Procedure

4    12(b)(6) is that a plaintiff survives such a motion only if he or she pleads "enough facts to state a

5    claim to relief that is plausible on its face." (*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

6    1974, 167 L. Ed. 2d 929 (2007).)

7         In ruling on a motion to dismiss, the court must accept as true all material allegations in

8    the complaint, as well as reasonable inferences to be drawn from them. (*Leatherman v. Tarrant*

9    *County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Pareto v.*

10   *FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).)  However, the court need not accept as true

11   conclusory allegations or legal characterizations. (*Pareto v. FDIC*, 139 F.3d at 699.)  Also, the

12   court need not accept unreasonable inferences or unwarranted deductions of fact. (*Sprewell v.*

13   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).)

14        Failure to exhaust the grievance process under a CBA is akin to a jurisdictional defect

15   that does not go to the merits of the claim, and as such is properly raised in a motion to dismiss,

16   or to be treated as such if raised in a motion for summary judgment. (*See, e.g., Ritza v.*

17   *International Longshoremen's and Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988)

18   ("*Ritza*"); *Studio Elec. Technicians Local 728 v. International Photographers of the Motion*

19   *Picture Indus., Local 659*, 598 F.2d 551, 552 n.2 (9th Cir. 1979) (failure to exhaust intra-union

20   remedies is matter in abatement to be resolved in motion to dismiss).)

21        In *Ritza*, union members failed to exhaust internal union remedies before challenging

22   union procedures for assigning workers. The Ninth Circuit affirmed the dismissal of the action

23   on a motion to dismiss, holding that even where the court's decision was based on submissions

24   outside the pleadings, the factual issue arose in connection with a jurisdictional motion, and the

25   court has broad discretion as to the method in resolving any factual issues as to jurisdiction.

26   Further, in this context, no presumptive truthfulness attaches to plaintiff's allegations, and the

27   existence of disputed material facts will not preclude the court from evaluating for itself the

28   merits of jurisdictional claims. (*Ritza*, 837 F.2d at 369.)  The court may make factual findings

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 14 -

1  under a Rule 12 (b)(6) motion.  (*Id.*)

2  **C.  Plaintiff Failed to Exhaust His Exclusive Remedy Under The Grievance and**
3  **Arbitration Provision of The CBA**

4          Prior to bringing a claim for breach of a collective bargaining agreement against an

5  employer, an aggrieved employee must exhaust any exclusive grievance and arbitration

6  procedure created in a collective bargaining agreement.  (*Republic Steel Corp. v. Maddox*, 379

7  U.S. 650, 652-653 (1965); *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Carr v. Pacific Maritime*

8  *Ass'n.*, 904 F.2d 1313 (9th Cir. 1990) ("Failure to utilize grievance procedures or invoke them in

9  timely manner bars grievants from pursuing remedies in court"); *Olquin*, *supra*, *supra*, 740 F.2d

10 at 1476 (employee exhausted some of his remedies, failed to pursue others in a timely manner,

11 did not allege union breached its duty of fair representation so could not maintain a breach of

12 contract action independent of procedural requirements of CBA); *Truex v. Garrett Freightlines,*

13 *Inc.*, 784 F.2d 1347, 1353 (9th Cir. 1985) (rule requiring bargaining unit employee to exhaust

14 contractual grievance procedure before bringing action for collective bargaining agreement

15 prevents employee from sidestepping grievance procedures when dispute involves interpretation

16 of contracts).)

17          Plaintiff must properly exhaust his contractual remedies under the CBA.  (*Ritza*, *supra*,

18 837 F.2d at 368-369.)  The Union, which was plaintiff's exclusive representative, pursued

19 plaintiff's exclusive remedy of grieving his termination.  The Union therefore exhausted some

20 but not all of plaintiff's remedies.  Three months after his termination, the Union determined to

21 withdraw plaintiff's grievance prior to exhausting the grievance procedure to its final step of

22 binding arbitration, thereby failing to exhaust his remedies.  (*See, e.g., Faust v. RCA*, 657

23 F.Supp. 614 (D.Pa. 1986) (where plaintiff's union withdrew his grievance short of arbitration, he

24 failed to exhaust his contractual remedies and failed to exhaust remedies against his union, which

25 had the power to reactivate his grievance); *Cotter v. Daimler Chrysler*, 87 F.Supp.2d 746 (E.D.

26 Mich. 2000) (despite that grievance procedure provided additional steps for review, plaintiff's

27 union withdrew grievance, failing to exhaust his contractual and intra-union remedies).)

28          Plaintiff cannot sidestep his exclusive and binding remedy under the CBA's grievance

- 15 -

**LAW OFFICE OF JEROME SCHREIBSTEIN**
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

procedure by suing in court. The Union, as his representative, agreed that a neutral arbitrator would be responsible for uniformly interpreting the meaning of the contract (*i.e.*, the CBA) between Bayer and the Union. To allow plaintiff to bring his grievance as a suit in court would bring havoc to the central role of arbitration in the "system of industrial self-government" and violate national labor policy. (*Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581 (1960).)

A failure to exhaust contractual remedies may be excused if the worker establishes that the union breached its duty of fair representation in the processing of the grievance by showing the union's conduct towards a member of the collective bargaining unit was arbitrary, discriminatory or in bad faith. (*Vaca v. Sipes, supra*, 386 U.S. at 190; *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-571 (1976).) If plaintiff disagreed with the Union's decision to withdraw his grievances, plaintiff's remedy was against his Union. Plaintiff's allegation that his counsel concluded that his Union breached no duty should be disregarded as a legal conclusion. (*Pareto v. FDIC, supra*, 139 F.3d at 699.) Plaintiff has not brought the requisite claim for breach of duty of fair representation against his Union in order to assert a breach of contract against Bayer.

**D.    Plaintiff Cannot Establish a Claim Against Individual Defendant Panvelle**

Because plaintiff's claims against Bayer are preempted by the LMRA and he has failed to exhaust his contractual remedy under the grievance and arbitration process, the claims also fail against individual defendant Panvelle. Additionally, separate and apart from preemption, Panvelle is legally immune from individual liability for claims deriving from plaintiff's termination.

**1.    There is no Claim for Breach of Contract Against a Supervisor Who Is not Party to a CBA**

Panvelle was not a party to plaintiff's employment contract with Bayer (*i.e.*, the CBA). Panvelle was not plaintiff's employer and had no employment agreement with plaintiff. (*See* previously filed Declaration of David Panvelle in Support of Petition and Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Federal Question and Diversity Jurisdiction) ("Panvelle

- 16 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1    Removal DEC"), ¶ 4.) Dismissal of plaintiff's claim against Panvelle for breach of contract is

2    absolutely required because such claims do not lie against a person who is not a party to the

3    contract. Even had Panvelle executed the termination here, which he did not (*see, id.*, ¶ 3), he

4    could have no individual liability because a supervisor who terminates an employee's

5    employment pursuant to management authority conferred by the employer is not personally

6    liable for breach of contract. (*Gruenberg v Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (Cal. 1973);

7    *Bloom v. Universal City Studios, Inc.*, *supra*, 734 F. Supp. at 1561 (dismissed complaint for

8    claims for breach of contract against individual supervisor of employer/party to collective

9    bargaining agreement as such claims do not lie against persons not parties to the contract).)

10    **2.    Panvelle Cannot Be Liable for Wrongful Discharge in Violation of Public Policy**

11

12    Even if Plaintiff had properly pled a state public policy for his second claim for relief for

13    the tort of wrongful discharge in violation of public policy (which he has not), a supervisor

14    cannot be held liable for discharge in violation of public policy for personnel management

15    decisions. California law does not recognize wrongful termination-based theories against

16    individual supervisors who are not the plaintiff's employer. (*Khajavi v. Feather River*

17    *Anesthesia Medical Group*, 84 Cal.App.4th 32, 38 (Cal.App. 2000) ("Only an employer can be

18    liable for the tort of wrongful discharge of an employee"); *Reno v. Baird*, 18 Cal.4th 640, 663

19    (Cal. 1998) (public policy in question governed actions of employers not individual supervisors

20    and thus individual supervisors cannot have liability for public policy claim).) Panvelle is

21    alleged to have at all times been plaintiff's supervisor (Complaint, ¶ 4) and he therefore cannot

22    be liable for the tort of wrongful discharge in violation of public policy.

23    **3.    Plaintiff Cannot Prevail on a Negligence or Fraud Claim Against Panvelle**

24    Plaintiff's claims for fraud and negligence are effectively re-labeling of his wrongful

25    termination claims as the gravamen of each is that Bayer terminated plaintiff without just cause.

26    Accordingly, as set forth in detail above, the claims are preempted by federal law and require

27    resolution under the grievance and arbitration provisions of the CBA.

28    Additionally, as a matter of substantive law, plaintiff cannot establish a claim against

- 17 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1    individual defendant Panvelle for negligence or fraud under the allegations stated. (*See*

2    *Schlacter-Jones v. General Tel.*, *supra*, 936 F.2d 435 (summary judgment in favor of individual

3    defendants on claims for negligence and fraud where no evidence of promises unrelated to

4    employment); *see*, *also*, *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)

5    (claims did not lie against individual defendant supervisors accused of "wrongful termination"

6    and negligence; individual defendants were therefore "sham" defendants that did not destroy

7    diversity jurisdiction); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) (law did not

8    impose vicarious liability on plant manager or supervisor unless they owed a personal duty

9    toward plaintiff, so supervisor is an improper defendant).)  Similarly, allegations (such as those

10   made by plaintiff here) that individual defendants induced the firing of the plaintiff "in order to

11   protect themselves and solely in their own self-interest" fail to state causes of action for

12   negligence or fraud against such individuals. (*See McCabe v. General Foods Corp.*, 811 F.2d at

13   1339; *Sheppard v. Freeman*, 67 Cal.App.4th 339, 347 (Cal.App. 1998) (no action against

14   supervisor for conduct that induces employer to terminate employee); *Shoemaker v. Myers*, 52

15   Cal.3d 1, 24 (Cal. 1990) (supervisors' acts within the scope of their authority are acts of

16   employer and supervisors are not personally liable).)

17   **E.    Plaintiff's Public Policy Claim Separately Fails where there Is no Threshold**
18          **Allegation of a Requisite Public Policy Violation**

19          Plaintiff's second claim for relief also independently fails as there is no allegation of a

20   specific statutory or constitutional public policy violated or infringed upon by Bayer in the

21   termination.  This is an absolute mandate to stating such a theory under governing substantive

22   law.  No such claim will lie unless the public policy is delineated in or rooted in specific

23   statutory or constitutional grounds. (*See Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1095 (Cal. 1992)

24   (overruled on other grounds in *Green v. Ralee Eng. Co.*, 19 Cal.4th 66, 80 n. 6 (1998)) (statutory

25   or constitutional basis required).)  Here, plaintiff does not and cannot allege any such specific

26   public policy violation.

27   **F.    The Complaint Should Be Dismissed Without Leave to Amend**

28          Plaintiff has failed to exhaust his remedies under the CBA for grievances arising under

- 18 -

the CBA.  His exclusive remedy for these grievances was the CBA.  There is no plausible set of facts that plaintiff can now allege that would allow him to prosecute his within claims.  (*Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1974.)

It is generally not inappropriate to deny leave to amend "unless it is clear . . . that the complaint could not be saved by amendment." (*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); Fed. Rule Civ. Proc. 15.)  Plaintiff has failed to exhaust his remedies under the CBA, did not and cannot allege the Union breached its duty of fair representation, so cannot save by amendment a claim for breach of the CBA against Bayer. (*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052; *Carter v. Norfolk Comm. Hospital Ass'n.*, 761 F.2d 970, 974 (4th Cir., 1985).)  Bayer's Motion to Dismiss should be granted without leave to amend.

## G.    The Punitive Damages Allegations Should Be Stricken.

Plaintiff seeks punitive damages on his third claim for relief as to negligence for breach of duty under Civil Code section 1708.  (Complaint, ¶ 24.)  The punitive damages allegations are improper and should be stricken.  A motion to strike may be used to strike the prayer for relief where, as here, the damages sought are not recoverable as a matter of law.  (*Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (prayer for damages exceeded damages allowable by law); *Bureerong v. Uvawas*, 922 F. Supp.1450, 1479 n.34 (C.D.Cal. 1996) (prayers for punitive damages stricken in action where not recoverable as a matter of law); Fed. Rule Civ. Proc. 12(f).)  It is axiomatic that punitive damages are not recoverable under a simple negligence count.  (*See, e.g., Reid v. Moskovitz*, 208 Cal.App.3d 29, 32 (Cal.App.1989) (no punitive damages recoverable for negligent misrepresentation).)

## V.  CONCLUSION

Plaintiff's Complaint is squarely preempted by the LMRA section 301, 29 U.S.C. § 185.  To fulfill the Congressional goal of uniform interpretation of CBAs and to assure that labor law disputes are given a central role in the resolution of such disputes, the Complaint must be dismissed without leave to amend.  Under F.R.C.P. 12(b)(6), plaintiff has failed to state a claim for which this Court may grant relief.  This Court should additionally and independently strike

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 19 -

1   the punitive damages allegations from the third claim for relief of plaintiff's Complaint.

2   Dated:  June 6, 2008                    LAW OFFICE OF JEROME SCHREIBSTEIN

3

4                                            By: /S/ _____

5                                                Jerome Schreibstein
                                                 Attorneys for Defendants
6                                            BAYER HEALTHCARE LLC, BAYER
                                             CORPORATION and DAVID PANVELLE
7   LOJS/1050538/5660494

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE; MEMORANDUM
OF POINTS AND AUTHORITIES; CASE NO. CV 08-2219**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355