JEROME SCHREIBSTEIN (SBN: 154051)
LAW OFFICE OF JEROME SCHREIBSTEIN
Embarcadero Center West
275 Battery Street, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 875-3355
Facsimile: (415) 358-9885

Attorneys for Defendants
BAYER HEALTHCARE LLC, BAYER
CORPORATION AND DAVIS PANVELLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE JONES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BAYER HEALTHCARE LLC, BAYER CORPORATION, DAVIS PANVELLE, DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO. 08 02219 SC<br><br>**DECLARATION OF BOB RUSSEY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:　　　　July 11, 2008<br>Time:　　　　10:00 a.m.<br>Courtroom:　1, 17th Floor<br>Judge:　　　Hon. Samuel Conti |

I, Bob Russey, declare and state as follows:

1.　　I began working for Bayer Corporation at its Berkeley, California manufacturing facility in 1984. The Company has gone through several name changes since I started and is currently operating in Berkeley under the name Bayer HealthCare LLC which I am informed and believe is a wholly owned subsidiary of Bayer Corporation. The contents of this Declaration are true and correct of my own personal knowledge or, to the extent indicated, I am informed and believe and on that basis aver such matters to be true and, if called upon, I could and would competently testify thereto.

2.　　In 1984, I began my Bayer career as a Plasma Production Operator and worked in this position for approximately nine years. I was a member of the bargaining unit of the International Longshore & Warehouse Union ("ILWU"), Local # 6 (herein, the "Union"), and on

the Union negotiating team with regards to two different iterations of the Collective Bargaining Agreement between the Union and Bayer. In 1993, I was made a Plasma Production Supervisor. In 2003, I became a Human Resources Consultant and had certain of the manufacturing workers – the Bargaining Unit employees responsible for the actual production of the medicine – in my client group. In 2005, I was named Labor Relations Manager at the Bayer Berkeley Site. In this role, I am the lead HR oversight person involved in executing all human resources functions relative to the Bargaining Unit employees, including communications with the Union Business Agents on employee grievances.

3.  Plaintiff Donnie Jones was formerly employed at Bayer beginning in approximately 1998. At all times during his Bayer employment up to and including termination, plaintiff was a member of the Union Bargaining Unit at Bayer. Bayer HealthCare LLC was plaintiff's employer at the time of his termination. In September 2007, he was a Certified Senior Production Technician. The Collective Bargaining Agreement (the "CBA") in force at the time of plaintiff's termination was effective dates September 7, 2005 to August 21, 2008; pertinent portions of that CBA are attached to the declaration I previously executed in Support of [Bayer's] Petition and Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Federal Question and Diversity Jurisdiction), previously filed herein. That Declaration, among other things, sets forth the specific CBA provisions in relation to Discharges, Grievances and Arbitration.

4.  Bayer's Berkeley facility is principally involved in the production of finished pharmaceutical products. As a producer of pharmaceuticals for human use, Bayer must follow rigorous internal Standard Operating Procedures ("SOPs") that are consonant with Good Manufacturing Practices ("GMP" or "cGMP") which are, in turn, mandated by applicable provisions of the United States Code of Federal Regulations and parallel regulations of comparable European regulatory agencies and of other regions of the World. Bayer's practices and processes in this regard are subject to scrutiny and review by the United States Food and Drug Administration ("FDA"), and like agencies in other nations. Prominent among these requirements are the strictures that mandate vigilant self-policing on accurate documentation.

5. Bayer's Data Recording Rules detail Company procedures relating to controlling data integrity (*e.g.*, concurrent verification, writing legibly, signing/initialing and dating work, verifying data or steps taken, and identifying and reporting potential data integrity issues), compliance with which, in turn, ensures adherence to cGMP. It is violation of Bayer SOP to sign documentation indicating a step in the production process has occurred when it has not yet occurred or to certify the conduct of an activity that has not occurred at all.

6. Plaintiff was a production worker and subject to Bayer's applicable SOPs and Data Recording Rules. On July 11, 2007, plaintiff documented on a checklist that he had completed a task, *i.e.*, signing for delivery of a sample, before he had actually delivered the sample. This is a violation of Bayer SOP. Bayer notified plaintiff that this was in violation of SOP; that this activity constituted unacceptable work performance and warned that any similar incidents would result in further discipline *up to and including termination*. Plaintiff was suspended for three days without pay and he was thereafter removed from the Sub-supervisor portion of his job, resulting in a corresponding reduction in pay. Attached hereto as Exhibit A is a true and correct copy of the Memo to plaintiff "Suspension with a last chance agreement for 2007" from his supervisor David Panvelle reflecting this notice, and signed by both plaintiff and his Union Representative.

7. On August 11, 2007, plaintiff worked on the batching of insulin. Plaintiff documented batching a certain volume of insulin, but batched only half of the amount. Plaintiff was terminated September 5, 2007 for this additional violation of Bayer SOP in erroneously documenting that he had performed a step in the production process (that he had not). This was considered "just cause" by Bayer for termination. Attached hereto as Exhibit B is a true and correct copy of the September 5, 2007 memo to plaintiff advising him of his termination.

1        8.      The Union grieved plaintiff's termination. On or about December 6, 2007, I received notice that the Union had withdrawn the request for arbitration of plaintiff's grievance, thereby withdrawing the grievance. I received a December 6, 2007 letter from Union Business Agent Donald Mahon stating that the Union was withdrawing its arbitration request and "considers this matter closed." Attached hereto as Exhibit C is a true and correct copy of this letter.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of June, 2008 in Berkeley, California.

                                                                                          _____
                                                                                       Bob Russey

- 4 -

**DECLARATION OF BOB RUSSEY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE (CASE NO. 08 02219 SC)**

# EXHIBIT A



# Bayer HealthCare
## Biological Products Division

Date:     8/2/07

To:       Donnie Jones

From:     David Panvelle

Subject:  Suspension with a last chance agreement for 2007          cc: Saulye Sherrell
                                                                        Personnel File

This is to inform you of the decision concerning disciplinary action as a result of unacceptable performance the result of which is a 3 day suspension for the dates of, 8-2-07, 8-3-07, and 8-4-07 with a return to work date of Wednesday 8-8-07. In addition you will no longer be performing the job of Sub Supervisor, nor will you be paid at the Sub Supervisor rate, and continuation of your code-14 will be evaluated at the next recertification period. Below are the reasons for this action.

On 7-11-07 you pre documented a checklist before the task was completed, specifically you sign for delivery of a sample before actually delivering the sample. You signed BS-000-AB-020 attachment 1 on July 11, 2007.

Each employee is expected to carry out his/her responsibilities with the highest degree of attention to detail. Your performance is unacceptable and is resulting in a suspension with a last chance agreement.

The intent of this letter is to ensure that you understand that your performance is unacceptable. If there is anything I can do to help ensure that this does not occur again, please let me know. Ultimately, however, I am holding you accountable for making the necessary changes.

If your performance does not improve and/or if the same or similar actions occur in the future, you could be subject to further disciplinary action, up to and including termination of employment with Bayer Corporation.

I have read and understand the above:

_Donnie Jones 8-2-07_                                    _David Panvelle 8-2-07_

_[Union Rep signature] 8/2/07_
Union Rep  8-2-07

# EXHIBIT B



**Bayer HealthCare**
**Biological Products Division**

Date:      9/5/07

To:        Donnie Jones

From:      David Panvelle

Subject:   Termination of Employment          cc: Saulye Sherrell
                                                  Personnel File

   This Letter shall serve to advise you that your Employment with Bayer HealthCare LLC ("Bayer") is terminated effective today's date 9/5/07. Please find below the reasons for this action.

On July 11th 2007 you pre documented a checklist before the task was completed, specifically you signed for delivery of a sample prior to delivering the sample. You signed BS-000AB-020 attachment 1 on July 11th 2007. At that time it was decided to put you on a 3 day suspension with a last chance agreement.

On August 11th 2007 you documented that you performed a procedure for which you admitted you did not do. Specifically, the document that you had requested a certain volume of Insulin to be made and you assisted in batching only half that amount.

   This action is deemed appropriate in light of the recent workplace incident wherein you acknowledged failing to comply with Bayer Corporation policy by submitting signed documentation attesting to the performance of an activity which had not been accomplished. As you know, such conduct is a violation of Bayer Corporation policy.

*[signature]* 9-5-07
David Panvelle 9-5-07

# EXHIBIT C

# Warehouse Union Local 6
### INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION

99 HEGENBERGER ROAD, OAKLAND, CA 94621-1485 • (510) 638-5605 • 1-800-864-8302 • FAX: (510) 638-3297

December 6, 2007

**VIA FACSIMILE/US MAIL**

Bob Russey, Director of Labor Relations
**BAYER HEALTHCARE**
P. O. Box 1986
Berkeley CA

Dear Mr. Russey:

In regard to the arbitration request made by Local 6, ILWU in the case of Donnie Jones, the union is withdrawing its request for arbitration and considers this matter closed.

Thank you for your attention in this matter.

Sincerely,

**WAREHOUSE UNION LOCAL 6, I.L.W.U.**

*Donal Mahon*

Donal Mahon, Business Agent


cc:   Efren Alarcon, President
       Fred Pecker, Secretary-Treasurer
       Christian Sledge

DM:cc:cwa31521