Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412
ashalaby@shalabylaw.net

Attorney for Plaintiff DONNIE JONES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNIE JONES,<br><br>                 Plaintiff,<br>v.<br><br>BAYER HEALTHCARE LLC; BAYER CORPORATION; DAVID PANVELLE; Does 1 to 50 Inclusive,<br><br>                 Defendants. | Case No.  CV 08-2219 SC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: July 11, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th floor<br>Judge: Hon. Samuel Conti |

**INTRODUCTION**

Plaintiff DONNIE JONES (hereinafter "Plaintiff") sues defendant BAYER HEALTHCARE LLC ("BAYER") for wrongful termination, breach of contract, and negligence, and sues defendant DAVID PANVELLE ("PANVELLE") for negligence and fraud.  BAYER and PANVELLE move for dismissal without leave to amend on grounds of (1) failure to exhaust remedies under the grievance and arbitration provisions of a "Collective Bargaining Agreement" ("CBA"); (2) preclusion of suit due to exhaustion of grievance procedures under the CBA; (3)  failure to state a claim for wrongful termination against public policy; and (4) failure to state claims against PANVELLE.   However, interpretation of the CBA is not at issue, Plaintiff's request

for arbitration has been rejected, all required pre-suit grievance procedures have properly been exhausted, and the motion to dismiss is otherwise improper because it extends far beyond the four corners of the complaint and extends to matters which are not properly subject to judicial notice.

### I. THE COURT MAY NOT CONSIDER THE DECLARATION OF BOB RUSSEY OR BAYER'S CBA EXHIBIT BECAUSE THEY ARE NOT PROPERLY SUBJECT TO JUDICIAL NOTICE AND DEFENDANTS DID NOT MOVE FOR JUDICIAL NOTICE

A Court may dismiss any claim for failure to state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). However, matters outside the pleadings which are not judicially noticed may not be considered -

> [t]he general rule is that courts are prohibited from considering matters outside the pleadings in ruling on a motion to dismiss and must confine their analysis to the four corners of the complaint. See Weiner, 108 F.3d at 88-89. Courts may, however, also consider other materials that are integral to the complaint, matters of public record, or otherwise appropriate for the taking of judicial notice under Federal Rule of Evidence 201. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360-61 (6th Cir.2001). The Federal Rules of Evidence permit the Court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A district court must take judicial notice "if requested by a party and supplied with the necessary information," Fed.R.Evid. 201(d), and such notice may be taken "at any stage of the proceeding." Fed.R.Evid. 201(f).
>
> *In re Unumprovident Corp. Securities Litigation*, 396 F.Supp.2d 858, 875 (E.D.Tenn.,2005)

BAYER and PANVELLE have presented the declaration of "Bob Russey," and have merely made reference to a "COLLECTIVE BARGAINING AGREEMENT" exhibited amongst their removal documents ("Exhibit A" thereto), but have not requested judicial, and have not provided the necessary information to permit the Court to take Judicial Notice of the facts on the declaration or CBA. The defendants not only failed to provide the Court with the necessary information for judicial notice as required under F.R.Evid. 201(d), but the alleged facts are not generally known within the territorial jurisdiction of the trial court, and the CBA is not at this stage of

the litigation capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Quite the contrary, the CBA referenced by Defendants (Exhibit A to the removal documents) facially states "*Effective September 7, 2005 - August 21, 2008*," while the complaint alleges Plaintiff was hired in 1998 (complaint ¶ 6). The CBA facially discloses that it is between only "*Bayer HealthCare LLC*" and "*International Longshore & Warehouse Union Local #6* (hereinafter "Union"). Not only was Plaintiff not a party to the CBA cited, but there is no evidence that Plaintiff was ever even aware the agreement had existed and been executed between Bayer and the Union so many years after Plaintiff had been hired. The defendants present no evidence that at any point in time the CBA had ever been presented to Plaintiff to obtain his informed consent to the terms contained therein.[1] It goes without saying that two parties cannot simply contract-away the rights of a third party without that party's awareness and informed consent. On these grounds, Plaintiff objects to Defendants' presentation of any facts which are not set forth within the four corners of the complaint, and which are not subject to judicial notice and not judicially noticed, including the entire CBA (Exhibit A to the removal documents). The motion to dismiss should be denied on these grounds alone.

### II. DEFENDANTS' "ARTFUL PLEADING" AND "EXHAUSTION" ARGUMENTS ARE WITHOUT MERIT

Defendants' allegation that Plaintiff artfully pleaded his claims to avoid Federal Court jurisdiction is without merit. At the onset of this matter Plaintiff inquired of Bayer -

> [March 10, 2008]
> Mr. Schreibstein: The complaint is in the process of being prepared and will be filed this week. It is a simply wrongful term / breach of Contract action excluding the Union, unless my final review suggests otherwise. There is no racial discrimination claim, and most likely no Section 301 claim against the Union. I am inclined to file in State Court accordingly. Please let me know if you disagree and/or if you shall seek removal to

---

[1] Any declaration of anyone other than Plaintiff himself in this regard would clearly not be properly subject to judicial notice, and would be inadmissible hearsay.

**PTF OPP- MTN/Dismiss**            **3**            Case No.  CV08-2219 SC

> Federal Court. If so, I will file in Fed Court, but I don't see Federal Jurisdiction as a dominant claim (if at all).
> [Signed]

Bayer was unwilling to "assess the matter," but sure enough, needlessly removed the action when Plaintiff was in fact willing to file in Federal Court ab initio. (Please see exhibit 1).[2]

Defendants' argument that Plaintiff failed to exhaust remedies, namely arbitration, is equally without merit. Plaintiff inquired about arbitration, but Bayer responded -

> [June 18, 2008]
> Dear Mr. Shalaby:
>
> Plaintiff's position that he can arbitrate without the Union disregards that the Union is his exclusive representative (CBA, Art.I, section 1). The CBA's Grievance procedure gives the right to the Union, rather than Plaintiff individually, to appeal the grievance to arbitration (CBA, Article XI, sections 4,5). Therefore, there is no method set forth for Plaintiff to move into arbitration without the Union's representation.
>
> The Union withdrew its request for arbitration and closed the matter. If Plaintiff disagrees with his Union's decision to close the grievance, that is a matter between Plaintiff and his Union. We believe he is unable to state a claim against Bayer and that the result will be the dismissal of his suit under Bayer's Motion. Accordingly, we are not amenable to any arbitration protocol outside that of which is called for under the CBA.
>
> (Exhibit 2.)

Moreover, while Bayer alleges that CBA, Art.I, section 1 prevents Plaintiff from arbitrating without the union, clearly this is not the case. The provision of the CBA, which is again an agreement that was not properly judicially noticed and should not even be considered, pertained only to *hours of work, rates of pay, and working conditions incidental to their employment by the Company,* as further discussed below. Bayer has waived the right to arbitration, but wants the Court to dismiss on grounds of "failure to exhaust remedies" only to turn around and tell Plaintiff that he

---

[2] All exhibits referenced herein are attached to the accompanying Declaration of Andrew W. Shalaby.

**PTF OPP- MTN/Dismiss**                **4**                **Case No. CV08-2219 SC**

1  has no right to arbitration.  This is clearly improper.

2  **III.  NO CLAIM REQUIRES INTERPRETATION OF THE CBA**

3  Defendants' argument that any of Plaintiff's claims require interpretation of the

4  CBA (which is not judicially noticed and should not be considered) is without merit

5  because the mere assertion of State law claims does equate to a need to interpret the

6  CBA so as to confer Federal Court jurisdiction whenever a CBA exists -

> We note that although we have examined the collective bargaining agreements to determine whether the employees' claims are preempted, we were not required to interpret them. The term "interpretation" is defined narrowly in this context. To determine whether federal jurisdiction is properly exercised over a state law claim brought by unionized employees, a federal court necessarily examines the collective bargaining agreement to determine whether the state law claims are "artfully pleaded" claims which actually allege breach of contract or require interpretation of the collective bargaining agreement's terms. Nonetheless, such an examination is not interpretation. If it were, the section 301 preemption doctrine would swallow the rule that employees covered by collective bargaining agreements are entitled "to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." Caterpillar, 482 U.S. at 396, 107 S.Ct. at 2431. Cf. Allis-Chalmers, 471 U.S. at 211, 105 S.Ct. at 1911 ("not every dispute ... tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301....").
>
> *Milne Employees Ass'n v. Sun Carriers*  960 F.2d 1401, 1409 -1410 (C.A.9 (Cal.),1991)

Such is the case here - Plaintiff is asserting his legal rights independent of any CBA, and his rights relied upon are not a collective-bargaining agreement.   There is no evidence that Plaintiff was even aware of the existence of any CBA between Bayer and the Union, which would have been implemented about 8 years after he had been hired, therefore it cannot be said that Plaintiff "artfully pleaded" around the CBA. Every one of Plaintiff's causes of action is brought under State law and entirely unrelated to the CBA, therefore LMRA (29 U.S.C. § 185, section 301) Preemption does not apply.

**IV.  DEFENDANTS PRESENT NO EVIDENCE THAT THE CONTRACT BETWEEN BAYER AND THE UNION BINDS PLAINTIFF**

A contract is not complete and binding until it is signed by all of the parties who

are purportedly bound by it. *Tewksbury v. O'Connell* (1862) 21 Cal. 60 (see also *Barber v. Burrows* (1876) 51 Cal. 404; *Jackson and Thomas v. Torrence* (1890) 83 Cal. 521, 23 P. 695; *Olson v. Lovell* (1891) 91 Cal. 506, 27 P. 765). Two parties may not simply contract away the rights of a third part absent his express awareness and consent as a party to the contract.

The alleged CBA reads on its cover, "<u>Agreement Between Bayer Healthcare Llc and International Longshore & Warehouse Union Local #6</u> (BAYER'S CBA exhibit). From the first page of the document the agreement reflects only that it was made between two parties: BAYER and the UNION. Defendants present no evidence that Plaintiff ever received or saw the CBA document, and certainly no evidence that he ever signed one, yet alone was a party to the agreement. Moreover, if the Court considers the CBA which was not judicially noticed before it, Article 1 Section 1 of the purported CBA indicates that the "Union" is the "*exclusive bargaining agent for the purpose of representing all employees covered by [the agreement] in negotiations pertaining to hours of work, rates of pay, and working conditions incidental to their employment by the Company,*" indeed precisely the limitations communicated by the Union to Plaintiff's counsel as pleaded on paragraph 11 of the Complaint. Plaintiff's suit does not involve *hours, rates of pay,* or *working conditions*.

Because Defendants present no evidence that the CBA was ever given to Plaintiff, or that he was ever a party to the agreement, and the agreement facially states it was only between BAYER and the UNION, no aspect of the CBA should be considered by the Court in ruling on Defendants' motion to dismiss. The action should be remanded to State Court if the Court agrees with Plaintiff that there is no LMRA preemption.

**V. CLAIMS AGAINST PANVELLE HAVE NOTHING TO DO WITH THE CBA**

PANVELLE's motion to dismiss on grounds of preemption and failure to exhaust remedies is without merit because Plaintiff's claims against PANVELLE for

fraud and negligence facially have nothing to do with the CBA.

## VI. WRONGFUL TERMINATION CLAIM REQUIRES AMENDMENT, BUT OTHERWISE IS EXCLUSIVE OF CBA

Plaintiff's counsel initially did not believe there were any facts suggesting discrimination (exhibit 1). However, Plaintiff subsequently disclosed facts supporting a public policy discrimination allegation for the wrongful termination cause of action, therefore Plaintiff respectfully prays for leave to amend if the Court maintains jurisdiction. The wrongful termination claim otherwise is independent of the CBA under state law -

> "A claim grounded in state law for wrongful termination for public policy reasons poses no significant threat to the collective bargaining process; it does not alter the economic relationship between employer and employee. The remedy is in tort, distinct from any contractual remedy an employee might have under the collective bargaining contract. It furthers the state's interest in protecting the general public-an interest which transcends the employment relationship." ( Garibaldi v. Lucky Stores, Inc., supra, 726 F.2d at p. 1375.)

> Moreau v. San Diego Transit Corp.  210 Cal.App.3d 614, 626, 258 Cal.Rptr. 647, 654 (Cal.App. 4 Dist.,1989)

Should the Court agree with Plaintiff that there is no Federal jurisdiction, Plaintiff will amend the cause of action for wrongful termination upon remand to State Court.

## VII. PUNITIVE DAMAGES ARE AWARDED ON OPPRESSION, FRAUD, OR MALICE

Defendants are dissecting the Complaint with respect to the punitive damages claim.  The conduct of the defendants on the whole must be considered, because punitive damages apply where a defendant is guilty of oppression, fraud, or malice, as set forth in California Civil Code section 3294 -

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

The wrongful termination and fraud claims are subject to punitive damages.  There is uncertainty in the State Judicial system at this time with respect to punitive damages on negligence claims, but the law clearly leans in favor of abolishing punitive

1  damages on negligence claims.  The Court should defer to trial before striking the
2  punitive damages claim since it shall ultimately be based solely on acts of oppression,
3  fraud, or malice.

### VIII. TAKING PLAINTIFF'S ALLEGATIONS AS TRUE, PROCEDURAL BARRIERS MUST YIELD TO TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE

Plaintiff alleges he was wrongfully entrapped by his employer and PANVELLE into signing a delivery supply document he was asked to sign by PANVELLE, then promptly being demoted and reprimanded for obeying his superior. (Complaint ¶ 9.) Taking the allegation as true as must be done while reviewing a motion to dismiss, then the Court must honor traditional notions of fair play and substantial justice. (See Fed. R. Civ.P. 8(f), *Mutual Life Ins Co of New York v. Simon*  15 F.R.D. 336 (S.D.N.Y.1954).)  While the words "*Fair Play and Substantial Justice*" have most often been associated with *Int'l Shoe*, 326 U.S. at 316, the jurisprudence articulates the basic considerations, most notably the burden an onerous (or impossible) procedure would impose on the defendant, and the interest of the state in furthering its social policies.  *GSK Technolgies, Inc. v. Schneider Elec*., S.A.  2007 WL 788343, 3 (E.D.Tex.) (E.D.Tex.,2007). Here, Plaintiff would be precluded of relief for a facially sound and legally cognizable grievance based on his entrapment allegations, if Defendants were to obtain a dismissal of this action due to the fact that Plaintiff could not arbitrate his grievances through no fault of his own.  The fault befalls Defendants for declining arbitration and misstating the provisions of Article 1 section 1 of the CBA which they have not even shown to apply to this matter.  The Court should not permit this result.  Defendants' motion to dismiss should be denied, and Plaintiff should be permitted his day in Court.

Dated: June 19, 2008

Andrew W. Shalaby, Attorney for Plaintiff Donnie Jones

Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412
ashalaby@shalabylaw.net

Attorney for Plaintiff DONNIE JONES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNIE JONES,<br><br>                               Plaintiff,<br>v.<br><br>BAYER HEALTHCARE LLC; BAYER CORPORATION; DAVID PANVELLE; Does 1 to 50 Inclusive,<br><br>                               Defendants. | Case No.  CV 08-2219 SC<br><br>**DECLARATION OF ANDREW W. SHALABY IN SUPPORT OF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: July 11, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th floor<br>Judge: Hon. Samuel Conti |

I, Andrew W. Shalaby, declare as follows:

   1.   I am the attorney for Plaintiff Donnie Jones (hereinafter "Plaintiff").

   2.   Exhibits 1 and 2 attached hereto is are true and correct copies of the electronic mail communications as facially purported.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and within my personal knowledge.

Executed June 19, 2008 in El Cerrito, CA

_____
Andrew W. Shalaby

**AWS DECL - PTF OPP- MTN/Dismiss**          **1**          Case No.  CV08-2219 SC

# EXHIBIT 1

-------- Original Message --------
Subject: RE: FEDERAL / STATE FORUM INQUIR
From: "Jerome Schreibstein" <jschreibstein@jschreiblaw.com>
Date: Tue, March 11, 2008 8:41 am
To: <ashalaby@shalabylaw.net>
Cc: "'Jerome Schreibstein'" <jschreibstein@jschreiblaw.com>

Mr. Shalaby-

I appreciate your efforts to work cooperatively on procedural aspects of any litigation that you may choose to pursue against Bayer on behalf of Donnie Jones. Notwithstanding, I've again run this issue by my client and its position remains the same: Bayer will review the face of any complaint filed to assess the propriety of venue/jurisdiction. Bayer will not assess the matter further prior to suit filing.

---

**From:** ashalaby@shalabylaw.net [mailto:ashalaby@shalabylaw.net]
**Sent:** Monday, March 10, 2008 5:04 PM
**To:** Jerome Schreibstein
**Subject:** FEDERAL / STATE FORUM INQUIR

Mr. Schreibstein:

The complaint is in the process of being prepared and will be filed this week. It is a simply wrongful term / breach of Contract action excluding the Union, unless my final review suggests otherwise. There is no racial discrimination claim, and most likely no Section 301 claim against the Union. I am inclined to file in State Court accordingly. Please let me know if you disagree and/or if you shall seek removal to Federal Court. If so, I will file in Fed Court, but I don't see Federal Jurisdiction as a dominant claim (if at all).

With respect to your last letter, you have been misinformed of the facts. For example, the review process with respect to Mr. Jones differs from what you were told by your client.

Sincerely,

Andrew Shalaby

Copyright © 2003-2008. All rights reserved.

Print  |  Close Window

**Subject:** RE: ARBITRATION 2
**From:** "Jerome Schreibstein" <jschreibstein@jschreiblaw.com>
**Date:** Wed, Jun 18, 2008 11:27 am
**To:** <ashalaby@shalabylaw.net>
**Cc:** "'Jerome Schreibstein'" <jschreibstein@jschreiblaw.com>

Dear Mr. Shalaby:

Plaintiff's position that he can arbitrate without the Union disregards that the Union is his exclusive representative (CBA, Art.I, section 1). The CBA's Grievance procedure gives the right to the Union, rather than Plaintiff individually, to appeal the grievance to arbitration (CBA, Article XI, sections 4,5). Therefore, there is no method set forth for Plaintiff to move into arbitration without the Union's representation.

The Union withdrew its request for arbitration and closed the matter. If Plaintiff disagrees with his Union's decision to close the grievance, that is a matter between Plaintiff and his Union. We believe he is unable to state a claim against Bayer and that the result will be the dismissal of his suit under Bayer's Motion. Accordingly, we are not amenable to any arbitration protocol outside that of which is called for under the CBA.

---

**From:** ashalaby@shalabylaw.net [mailto:ashalaby@shalabylaw.net]
**Sent:** Tuesday, June 17, 2008 7:53 PM
**To:** Jerome Schreibstein
**Subject:** ARBITRATION 2

I do recall now. The union did not want to proceed with arbitration due to its limitations, as it explained to me. This does not mean Plaintiff cannot arbitrate without the union. If your client's position is that arbitration is still available, we should arbitrate. If your client's position is that arbrtation is not available for whatever reason, that's another story of course.

A. Shalaby

Copyright © 2003-2008. All rights reserved.

# EXHIBIT 2