JEROME SCHREIBSTEIN (SBN: 154051)
LAW OFFICE OF JEROME SCHREIBSTEIN
Embarcadero Center West
275 Battery Street, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 875-3355
Facsimile: (415) 358-9885

Attorneys for Defendants
BAYER HEALTHCARE LLC, BAYER
CORPORATION AND DAVID PANVELLE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE JONES,<br><br>   Plaintiff,<br><br>vs.<br><br>BAYER HEALTHCARE LLC, BAYER CORPORATION, DAVID PANVELLE, DOES 1-50, inclusive,<br><br>   Defendants. | CASE NO. CV 08-2219 SC<br><br>**APPENDIX OF CASE WITHOUT OFFICIAL CITATION ON DEFENDANTS' REPLY ON MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:  July 11, 2008<br>Time:  10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Samuel Conti |

Defendants Bayer HealthCare LLC, Bayer Corporation, and David Panvelle hereby submits their Appendix of Case Without Official Citation Submitted on Reply on their Motion to Dismiss and Motion to Strike:

*Carreon v. Capital Cities*
 111 F.3d 137, 1997 U.S. App. LEXIS 6694 (9th Cir. 1997).................................................A

Dated: June 27, 2008        LAW OFFICE OF JEROME SCHREIBSTEIN


                By: /s/_____
                  Jerome Schreibstein
                Attorneys for Defendants
                BAYER HEALTHCARE LLC, BAYER
                CORPORATION and DAVID PANVELLE

LOJS/1050538/5621259v.1

APPENDIX OF CASE WITHOUT OFFICIAL CITATION ON REPLY ON DEFENDANTS' MOTION TO DISMISS AND TO STRIKE (CASE NO. CV 08-02219 SC)

**EXHIBIT A**

LEXSEE 1997 U.S. APP. LEXIS 6694

**MARY ELLEN CARREON, Plaintiff - Appellant, v. CAPITAL CITIES/ABC INC., Defendant - Appellee.**

NO. 95-56520

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

*1997 U.S. App. LEXIS 6694*

February 5, 1997, Argued and Submitted, Pasadena, California
April 7, 1997, FILED

**NOTICE:** [*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *111 F.3d 137, 1997 U.S. App. LEXIS 13476*.

**PRIOR HISTORY:** Appeal from the United States District Court for the Central District of California. D.C. NO. 94-CV-6742-RG. Richard A. Gadbois, Jr., District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For MARY ELLEN CARREON, Plaintiff - Appellant: David J. Cowan, Los Angeles, CA.

For CAPITAL CITIES/ABC, INCORPORATED, Defendant - Appellee: Naomi Young, Esq., Christopher A. Thorn, Esq., Lawrence J. Gartner, Esq., Philip G. Paccione, Esq., GARTNER & YOUNG, A Professional Corporation, Los Angeles, CA.

**JUDGES:** Before: D.W. NELSON, TROTT, Circuit Judges, and BRYAN, District Judge. **

** The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation.

**OPINION**

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by *Ninth Circuit Rule 36-3*.

[*2] Mary Ellen Carreon appeals the district court's summary judgment for Defendant Capital Cities/ABC Inc. ("Capital Cities") on her claims of wrongful termination. Carreon, an occupational health nurse, was terminated from her position as a per diem employee of Capital Cities. She alleged that Capital Cities discriminated against her based on her age (55), and that Capital Cities breached an implied-in-fact contract and the covenant of good faith and fair dealing. Carreon also appeals the district court's denial of her attempt to amend her complaint to add a claim for discrimination by reason of mental condition. We have jurisdiction pursuant to *28 U.S.C. § 1291*, and we affirm.

**I. Summary Judgment**

A grant of summary judgment is reviewed *de novo*. *Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996)*. Our review is governed by the same standard used by the trial court under *Fed. R. Civ. P. 56(c)*. *Suitum v. Tahoe Reg'l Planning Agency, 80 F.3d 359, 361 (9th Cir.), cert. granted, 117 S. Ct. 293, 136 L. Ed. 2d 213 (1996)*. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district [*3] court correctly applied the relevant substantive law. *Bagdadi, 84 F.3d at 1197*. We must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. *Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 410 (9th Cir. 1996)*. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriate. *Han v. Mobil Oil Corp., 73 F.3d 872, 875 (9th Cir. 1995)*.

Because the district court had diversity jurisdiction, we apply California substantive law, as the California Supreme Court would apply it. *See, e.g., Intel Corp. v.*

*Hartford Acc. & Indem. Co., 952 F.2d 1551, 1556 (9th Cir. 1991).*

### A. Implied-in-Fact Contract to Terminate Only with Good Cause

California law presumes that employment is terminable at any time without cause. *See Cal. Labor Code § 2922* ("An employment, having no specified term, may be terminated at the will of either party on notice to the other.") That presumption may be overcome by an express or implied agreement limiting, in some way, the employer's right to terminate the employee. *Foley v. Interactive Data Corp., 47 Cal.3d 654, 677,* [*4] *254 Cal. Rptr. 211, 765 P.2d 373 (1988); see also Wood v. Loyola Marymount Univ., 218 Cal. App. 3d 661, 267 Cal. Rptr. 230, 233 (Cal. App. 1990).* Factors to be considered in determining whether an implied contract exists include: "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." *Foley, 47 Cal. 3d at 680* (citations omitted); *see also Schneider v. TRW, Inc., 938 F.2d 986, 990 (9th Cir. 1991).*

When it is appropriate to determine if a discharge is based on good cause, the court should inquire "whether the discharge was within the bounds of the employer's discretion or instead was trivial, capricious, unrelated to business needs or goals, or pretextual." *Joanou v. Coca-Cola Co., 26 F.3d 96, 99-100 (9th Cir. 1994)* (citation omitted).

Carreon argues that Capital Cities' personnel handbook created an implied contract that she would be terminated only with good cause. Carreon relies on her six-year work history, her satisfactory work evaluations, and good working relationship with [*5] her supervisor.

Capital Cities cited to the numerous instances where the "at-will" aspect of Carreon's employment is expressly and clearly stated: Personnel Policies in the handbook, Carreon's employment application, and Carreon's Post Employment Personnel Summary. Capital Cities argues that Carreon cannot point to any evidence showing that the terms of her at-will employment were varied to create an expectation that good cause was required for termination. Capital Cities also contends that it had good cause to terminate Carreon's employment.

Carreon's efforts to overcome Capital Cities' evidence of an at-will employment, terminable without cause, are unavailing. She does not point to any evidence that supports her position. The handbook, application, and Post Employment Personnel Summary do not support her position. No representative of Capital Cities led her to believe that the at-will terms of employment would not be enforced. Furthermore, Carreon does not specify any facts that lead to a conclusion that her termination was based on trivial or capricious reasons outside of legitimate business concerns, or was for less than good cause.

### B. Breach of the Implied Covenant [*6] of Good Faith and Fair Dealing

An implied covenant of good faith and fair dealing, when it exists in the employment relationship, requires that neither party "do anything which will deprive the other of the benefits of the agreement." *Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 777 (9th Cir. 1990)* (citations omitted). The implied covenant of good faith requires the existence of an express or implied contract. In *Foley, 47 Cal. 3d at 698 n.39,* the court stated "because the implied covenant protects only the parties' right to receive the benefit of their agreement, and, in an at-will relationship there is no agreement to terminate only for good cause, the implied covenant standing alone cannot be read to impose such a duty." *See also Schneider, 938 F.2d at 991.*

Carreon was an at-will employee, and no express or implied agreements varied that at-will employment. As an at-will employee, she could be terminated without cause at any time. These facts do not support the existence of the implied covenant of good faith and fair dealing. The district court's dismissal of Carreon's claim for breach of an implied-in-fact contract and breach of an implied covenant of good faith [*7] and fair dealing is affirmed.

### C. Age Discrimination.

Carreon's claim of age discrimination was made pursuant to California's Fair Employment and Housing Act, *Cal. Gov't Code § 12900 et seq.* The California courts have adopted federal law for the interpretation of similar provisions of the state statute pertaining to age discrimination. *Mixon v. Fair Employment & Housing Comm'n, 192 Cal. App. 3d 1306, 1316-17, 237 Cal. Rptr. 884 (1987).* To prevail in an employment discrimination claim, the plaintiff must first establish a *prima facie* case. *Diaz v. American Tel. & Tel., 752 F.2d 1356, 1358-59 (9th Cir.1985)* (quoting *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)).* The elements of an age discrimination claim are: 1) that the plaintiff is within a protected class of persons more than 40 years of age; 2) that the plaintiff was satisfactorily performing her job; 3) that the plaintiff was discharged; and 4) that the plaintiff was replaced by a person with equal or inferior qualifications. *Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994).* Recently, the Supreme Court eliminated the requirement that the plaintiff [*8] be replaced by a person younger

than the protected class. *O'Connor v. Consolidated Coin Caterers Corp.*, 134 L. Ed. 2d 433, U.S. , 116 S. Ct. 1307, 1310 (1996) ("The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age*. Or to put the point more concretely, there can be no greater inference of *age* discrimination (as opposed to "40 or over" discrimination) when a 40-year-old is replaced by a 39-year-old than when a 56-year-old is replaced by a 40-year-old."). The burden of proof of a defendant's intentional discrimination remains with the plaintiff at all times. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981); *Casillas v. United States Navy*, 735 F.2d 338, 342 (9th Cir. 1984).

If the plaintiff successfully establishes a *prima facie* case of discrimination, the defendant employer must articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the employer is able to rebut the *prima facie* case, the plaintiff [*9] must show pretext either "'[1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1437 (9th Cir. 1990) (quoting *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987)). The plaintiff must demonstrate by competent evidence that the presumptively valid reasons for her rejection were in fact a coverup for a discriminatory decision. *Merrick*, 892 F.2d at 1437; *McDonnell Douglas Corp*, 411 U.S. at 804.

Carreon can show a *prima facie* case of age discrimination. We must, therefore, look to Capital Cities' reasons for termination to determine if those reasons amount to legitimate, nondiscriminatory reasons. Capital Cities argues that it had grave concerns about the health services provided by Carreon. Some of those deficiencies were that Carreon kept prescription medications without medical directives from a physician for usage, that many of those medications were expired, some as early as 1990, that employees were storing their personal medications at the facility, some with [*10] outdated contents, that Carreon was flushing employees' ears without a doctor's order, and that Carreon had provided a medical syringe for a use not related to medical needs. Capital Cities argues that it is mandated by statute to maintain a safe and healthful workplace. *Bonner v. Workers' Compensation Appeals Bd.*, 225 Cal. App. 3d 1023, 275 Cal. Rptr. 337, 342 (Cal. App. 1990).

Carreon's arguments attacking the validity of Capital Cities' reasons are based only on her own beliefs and amount to self-serving opinions, not facts, which were not supported by expert testimony or any other evidence. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (finding that subjective personal judgment on performance alone is not sufficient to create an issue of fact at the summary judgment stage). On summary judgment, a nonmoving party must respond with something more than conclusory allegations, speculation or argumentative assertions that unresolved factual issues exist. *Wallis*, 26 F.3d at 890. Conclusory, nonspecific statements are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990); [*11] *Wallis*, 26 F.3d at 890.

Conspicuously absent is a statement from Capital Cities' doctor who allegedly advised Carreon that outdated medications served a purpose. Also absent is any authoritative support for her contention that her ear-flushing practices were appropriate. Although Carreon minimized the impact of giving the syringe to the maintenance man, that incident creates an inference that Carreon had a casual attitude toward medical supplies. There is no proof that those reasons were a pretext for discrimination. Carreon cannot sustain her burden on summary judgment. The district court's dismissal of her age discrimination claim is affirmed.

## II. Motion to Amend Complaint

We review a denial of a motion to amend a complaint for abuse of discretion, "but such denial is 'strictly' reviewed in light of the strong policy permitting amendment." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (citations and quotations omitted). However, we will not reverse the district court's decision regarding amendment unless we have "a definite and firm conviction that the court below committed a clear error in judgment." *Id*.

A court should consider the following factors [*12] when determining if a motion for leave to amend should be granted: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Id. at 1221* (citations and quotations omitted).

In her motion for leave to amend her complaint, Carreon sought to add a claim for discrimination based on a mental or medical condition in violation of *Cal. Gov't Code § 12940*. Carreon suffered from depression, which was the reason for her six-month leave of absence. Carreon contends that Capital Cities had notice of this potential claim from the time her lawsuit was filed because Carreon attached a copy of her complaint of discrimination to the California Department of Fair Employment and Housing, on which Carreon checked "mental disability" and "medical condition" as some of the reasons for her belief that her termination was the result of discrimination.

Carreon argues that her proposed amended claim was timely under the relation back doctrine; that Capital Cities' argument that it suffered prejudice as a result of the late amendment was unfounded; and that denial of the amendment prejudiced her opposition to Capital Cities' motion of summary judgment because [*13] she could not link her mental/medical condition to the alleged acts of discrimination.

Capital Cities argues that Carreon's proposed amendment came only ten days before close of discovery and was simply too late, and that it was prejudiced by the delay. Capital Cities also argues that Carreon has not produced any evidence that the adverse employment actions were the result of discrimination based on her mental/medical condition, and therefore, amendment would be futile.

The district court did not give any explanation for its denial of Carreon's motion for leave to amend. Considering the four factors for determining a motion to amend a complaint (undue delay; bad faith; futility of amendment; and prejudice to the opposing party) *(Texaco, Inc., 939 F.2d at 798)*, the denial was not an abuse of discretion. It is clear that Carreon was dilatory in bringing this new claim, and she offers no authority to support her contention that adequate notice of the new claim was founded in the agency complaint. There is no showing of bad faith on the part of Carreon, but Carreon does not point to evidence in the record which supports her proposed claim. It is undisputed that Carreon suffered from [*14] a medical condition and that the events which gave rise to her termination took place on her return to work from her medical leave of absence. However, no evidence is offered to show that Capital Cities used her medical condition as a pretext for firing Carreon. Finally, Capital Cities' showing of prejudice may not be particularly strong, but it has merit. The mental/medical claim would necessitate additional discovery and would likely require expert testimony. With the close of discovery nearing, allowing the new claim would have substantially modified the case plan and, without unusual and extraordinary efforts of all concerned, would have caused a trial delay. The district court's denial of Carreon's motion for leave to amend her complaint is affirmed.

### III. Attorney Fees

Capital Cities has requested attorney fees. Section 12965(b) of the California Fair Housing and Employment Act, *Cal. Gov't Code §§ 12900*-12996 (West 1992), provides, in pertinent part, that "the court, in its discretion may award to the prevailing party reasonable attorney fees . . ." Carreon's claims were not frivolous, and each party should bear its own costs and fees. The request for fees on appeal is [*15] denied.

### CONCLUSION

Carreon did not sustain her burden of proof to demonstrate genuine issues of fact for trial on her claims of breach of an implied-in-fact contract, breach of an implied covenant of good faith and fair dealing, or age discrimination. The district court's dismissal of her claims is affirmed.

Carreon did not show an abuse of discretion by the district court in denial of her Motion for Leave to Amend Complaint. The district court's denial of her motion to amend her complaint is affirmed.

Capital Cities' request for fees on appeal is denied.

**AFFIRMED.**

```
                                                                    119T9N
********** Print Completed **********

Time of Request: Friday, June 27, 2008   14:57:11 EST

Print Number:    1843:100512996
Number of Lines: 221
Number of Pages:




Send To:   TANCOR, MARIANNE
           MARIANNE TANCOR
           2590 CEDAR ST
           BERKELEY, CA 94708-1932
```