UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE JONES,<br><br>      Plaintiff,<br><br>  v.<br><br>BAYER HEALTHCARE LLC, BAYER CORPORATION, DAVID PANVELLE, and DOES 1-50, inclusive,<br><br>      Defendants. | Case No. 08-2219 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART AMENDED MOTION TO DISMISS AND STRIKE <u>AMENDED COMPLAINT</u> |

### I. **INTRODUCTION**

This matter comes before the Court on the Amended Motion to Dismiss and Strike ("Motion") filed by Defendants Bayer Healthcare LLC, Bayer Corporation (collectively "Bayer"), and David Panvelle ("Panvelle"). Docket No. 32. Plaintiff Donnie Jones ("Plaintiff" or "Jones") submitted an Opposition and Defendants filed a Reply. Docket Nos. 36, 41. For the reasons stated herein, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

### II. **BACKGROUND**

Plaintiff filed suit in state court alleging wrongful termination in breach of contract, wrongful termination in violation of public policy, negligence, and fraud. Notice of Removal, Docket No. 1, Ex. A ("Compl."). Defendants removed the

1   action to this Court on the basis of preemption under the Labor
2   Management Relations Act ("LMRA"), 29 U.S.C. § 185, and, in the
3   alternative, diversity of citizenship.  Notice of Removal ¶¶ 3-8.

4   On August 12, 2008, the Court dismissed a number of
5   Plaintiff's causes of action ("August 12 Order").  Docket No. 18.
6   The Court dismissed with prejudice Plaintiff's claim for wrongful
7   termination in breach of contract, and his claim for wrongful
8   termination in violation of public policy as preempted by the
9   LMRA.  Id. at 8-11.  The Court dismissed with prejudice
10  Plaintiff's claim for negligence against Bayer, but not against
11  Plaintiff's immediate supervisor, Panvelle.  Id. at 11-14.  The
12  Court ordered that Plaintiff's request for punitive damages in his
13  negligence claim be stricken.  Id. at 14-15.  The Court dismissed
14  without prejudice Plaintiff's fraud claim against Bayer, but
15  permitted the fraud claim against Panvelle to proceed.  Id. at 15-
16  17.

17  Plaintiff's Amended Complaint asserts a cause of action for
18  negligence against Panvelle, and a cause of action for fraud
19  against Bayer and Panvelle.  Docket No. 19 ("Am. Compl.") at 5-7.
20  Plaintiff alleges that he signed a checklist in violation of
21  Bayer's procedural policies.  Id. at 3.  Plaintiff alleges that he
22  "was trapped and/or otherwise tricked into" committing the
23  violation by his immediate supervisor, Panvelle.  Id. at 2-3.  As
24  a result of this violation, Plaintiff was suspended for three
25  days, was demoted, and received a pay reduction.  Id. at 3.  Just
26  one week after Plaintiff returned to work following his
27  suspension, Panvelle alleged that Plaintiff committed another

2

procedural violation. Id. Although Plaintiff again denied any wrongdoing, he was terminated on September 5, 2007. Id. at 4. At the time of his termination, he was a member of the International Longshore and Warehouse Union ("ILWU"), Local 6 (the "Union"). Id. Plaintiff filed a grievance with his Union. Id. On November 14, 2007, the Union advised Plaintiff that it was unable to proceed with his grievance. Id. Plaintiff subsequently filed the present action. Defendants move to dismiss and strike parts of the Amended Complaint.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. Id.

#### B. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

**IV. DISCUSSSION**

  **A.  Fraud**

Plaintiff's second cause of action alleges that both Panvelle and Bayer committed fraud.[1]  The fraud allegation concerns the signing of the checklist for a Bayer product sample.  Am. Compl. at 3, 6.  Plaintiff alleges Panvelle deceived him into believing it was proper to sign the checklist.  Id. at 6.  Signing the checklist was a forbidden procedure, and as a result of doing so, Plaintiff was suspended, demoted, and Panvelle "ultimately used the incident to justify Plaintiff's termination of employment." Id.  Plaintiff alleges that

> Bayer, through its employee and authorized representative Panvelle, tricked and deceived Plaintiff into committing an "offense" which resulted in his reprimand, suspension, demotion, loss of pay, and ultimate termination. Specifically, Bayer, through Panvelle, told Jones to sign the Bayer product sample checklist on July 11, 2007, and presented him with the document to sign . . . and Jones obeyed Bayer.  Bayer then proceeded to first suspend and demote Jones with a loss of pay, then to ultimately terminate his employment, citing as cause Jones' act of obeying his Bayer authorized supervisor in

---

[1] The cause of action is mislabeled as Plaintiff's fourth cause of action.  Am. Compl. at 6.  The Court also notes that the paragraph numbers are not correct in the Amended Complaint.

4

signing the document.
Id. at 6-7.  Plaintiff prays for "a judgment for all actual, general, special, consequential, and punitive damages against Bayer and Panvelle for his wrongful termination which herein was the product of fraud and deception . . . ."  Id. at 7.

To establish a cause of action for fraud, a plaintiff must allege the following elements: misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages.  Conrad v. Bank of Am., 45 Cal. App. 4th 133, 156 (Ct. App. 1996).  No independent fraud claim arises from a misrepresentation aimed at termination of employment.  Hunter v. Up-Right, Inc., 6 Cal. 4th 1174, 1185 (1993).

Here, Jones alleges that Bayer, through Panvelle, tricked and deceived him into committing an offense that resulted in his termination.  Am. Compl. at 6-7.  Jones seeks damages "for his wrongful termination which herein was the product of fraud and deception."  Id. at 7.  The law is clear that no independent fraud claim arises from a misrepresentation aimed at termination of employment.  See Hunter, 6 Cal. 4th at 1185.  Despite the opportunity to amend his Complaint, Jones alleges a misrepresentation that resulted in his wrongful termination, but he alleges no facts showing damages other than those deriving from the termination.

Jones contends that Hunter does not preclude his fraud claim.  Opp'n at 2.  In Hunter, the California Supreme Court stated that "a misrepresentation *not* aimed at effecting termination of employment, but instead designed to induce the employee to alter

5

1 detrimentally his or her position in some other respect, might
2 form a basis for a valid fraud claim even in the context of a
3 wrongful termination."  6 Cal. 4th at 1185 (emphasis in original).
4 Jones contends that this is what he alleged in the Amended
5 Complaint.  Opp'n at 2.  Jones, however, points to no specific
6 statements in the Amended Complaint to support his contention.

7 The Court finds no statements in the Amended Complaint that
8 support Jones' contention.  Jones clearly alleges that Panvelle
9 deceived him into believing it was acceptable to sign the
10 checklist, and that Panvelle "ultimately used the incident to
11 justify Plaintiff's termination of employment."  Am. Compl. at 6.
12 Jones seeks damages "for his wrongful termination which herein was
13 the product of fraud and deception."  Id. at 7.  Construing these
14 allegations in the light most favorable to Jones, he has alleged a
15 misrepresentation used to terminate his employment, and no damages
16 other than those deriving from the termination.  See Maffei v.
17 Allstate California Ins. Co., 412 F. Supp. 2d 1049, 1056 (E.D.
18 Cal. 2006)(dismissing fraud claim where employee plaintiffs had
19 not alleged detrimental reliance or damages distinct from the
20 termination itself).  Jones has failed to allege facts stating a
21 claim for fraud that is plausible on its face.

22 Furthermore, the fraud allegations against Bayer in the
23 Amended Complaint are not consistent with the allegations against
24 Bayer in Jones' original Complaint.  Originally, Jones alleged
25 that Bayer failed "to properly investigate the matter of
26 Panvelle's entrapment of Plaintiff."  Compl. ¶ 22.  Jones alleged
27 that "Bayer ultimately learned of the trickery and entrapment of

6

Plaintiff . . . but ratified the wrongful termination . . . rendering it a necessary and actual party to the wrongful scheme." Id. ¶ 27. However, in the Amended Complaint, Jones alleges that Bayer authorized the trickery and "Bayer, through Panvelle, told Jones to sign the . . . checklist." Am. Compl. at 6. This inconsistency warrants striking Plaintiff's fraud claim. Azadpour v. Sun Microsystems, Inc., No. 06-03272, 2007 WL 2141079, at *2 n.2 (N.D. Cal. July 23, 2007)("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'").

Jones has already amended his fraud claim once, and Jones' fraud claim remains deficient. The Court can conceive of no circumstances under which Jones can assert a valid fraud claim against Bayer. His one attempt to amend has resulted in statements that contradict his earlier allegations. The Court finds that it would be futile to allow Jones to amend his fraud claim again. See Allen v. City of Beverly Hills, 911 F.2d 367, 373-74 (9th Cir. 1990); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988). Jones' fraud claim against both Bayer and Panvelle is DISMISSED WITH PREJUDICE.

### B. **Punitive Damages**

Panvelle moves to strike the punitive damages plea in Jones' cause of action for negligence. Mot. at 5. The Court previously ordered that the request for punitive damages should be stricken from the Complaint. August 12 Order at 14-15. Plaintiff's failure to do so appears to have been an error. See Schreibstein

7

1 Decl. Ex. A ("Email Communication").[2]  The request for punitive
2 damages in the Amended Complaint should be stricken.

### C. Request to Amend Complaint to Add Union

Plaintiff requests leave to amend the Complaint to add the Union as a defendant.  Opp'n at 1-2.  Plaintiff states that the amendment would be for the primary purpose of asserting a viable breach of contract claim against Bayer.  Id. at 2.  Although Plaintiff cites to no authority, Plaintiff seems to have in mind a "hybrid" claim against the Union for breach of its duties of fair representation, and against Bayer for breach of the collective bargaining agreement.  See Prazak v. Local 1 Int'l Union of Bricklayers & Allied Crafts, 233 F.3d 1149, 1151 (9th Cir. 2000). Because the issue has not been adequately briefed, the Court DENIES Plaintiff's request for leave to add the Union.  However, after amending the Complaint to address the deficiencies identified in this Order, Plaintiff may file a motion to amend explaining why he would be entitled to assert a hybrid claim.  If Jones does not file such a motion within thirty (30) days after filing his Second Amended Complaint, then Bayer may move to be dismissed from this action.

### V. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.  Jones' fraud claim against both Bayer and Panvelle is DISMISSED WITH PREJUDICE.  Plaintiff's

---

[2] Jerome Schreibstein, counsel for Bayer, filed a declaration in support of the Motion.  Docket No. 28.

8

claim against Panvelle for negligence may proceed, but Plaintiff must strike the punitive damages plea from the claim.  Plaintiff has thirty (30) days to amend the Complaint.

    IT IS SO ORDERED.

    Dated: May 4, 2009

                                  UNITED STATES DISTRICT JUDGE